**Lawrence Rigby CROSLAND, Plaintiff and Appellant,**

v.

**Gerald L. PECK and Diann Peck, and Novella Jane Crosland, Defendants and Respondents.**

**No. 19950.**

Supreme Court of Utah.

June 2, 1987.

J. Douglas Kinateder, Salt Lake City, for plaintiff and appellant.

Valden P. Livingston, Salt Lake City, for defendants and respondents.

HOWE, Justice:

Appellant Lawrence Crosland and defendant Novella Jane Crosland were divorced in 1977. The decree awarded the couple's home to Novella. In 1979, a "modification and clarification order" was entered which awarded appellant a $10,000 equitable lien on "the home of the parties, prior to the time of their divorce," payable upon Novella's death, remarriage, moving, or sale of the home. In return, appellant was ordered to execute a quitclaim deed to Novella.

In 1983, Novella sold the home to respondents Gerald and Diann Peck. In purchasing the home, the Pecks paid a judgment lien on the property of $4,461.61. They assumed the balance owing on the mortgage and executed a trust deed to Novella for $17,715.15. The property was conveyed by warranty deed. The Pecks had no notice of appellant's equitable interest, nor was it excepted in the deed.

Appellant brought suit for foreclosure of his lien, naming Novella and the Pecks as defendants. Novella answered and counterclaimed for back child support, alimony, and the amount of the judgment lien paid by the Pecks.[1] The Pecks answered, claiming that appellant's interest was never properly docketed or recorded and thus did not attach as a lien on the property. The Pecks also cross-claimed against Novella for breach of warranty and for fraud.

Appellant moved for summary judgment against Novella and the Pecks. The Pecks filed a cross-motion for summary judgment against appellant, but did not move for summary judgment against Novella. The trial court denied appellant's motion for summary judgment, granted the Pecks' motion, and dismissed appellant's complaint on the merits and with prejudice as to the Pecks. Appeal was taken from this order.

Appeal may be taken from "all final orders and judgments" as provided by Rule 3 of the Utah Rules of Appellate Procedure.[2] A final judgment generally "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Olson v. Salt Lake City School District*, 724 P.2d 960 (Utah 1986) (citing *Catlin v. United States*, 324 U.S. 229, 65 S.Ct. 631, 89 L.Ed. 911 (1945)). The order appealed from in this case does not dispose of appellant's complaint against Novella, nor does it conclude her counterclaim against him. Furthermore, the court, in granting the Pecks' motion for summary judgment against appellant, did not rule on their cross-claim against Novella. While the trial court's order fully decided the issues between the Pecks and appellant, there are parties and issues still before the trial court. Rule 54(b) of the Utah Rules of Civil Procedure allows the trial court to certify such an order as a final judgment for purposes of appeal. It states:

> (b) Judgment upon multiple claims and/or involving multiple parties. When more than one claim for relief is present-

---

1. The judgment lien stemmed from appellant's failure to pay a debt to the Salt Lake City Employees' Credit Union as ordered by the divorce court.

2. Rule 3 superseded Utah Rule of Civil Procedure 72(a) and is incorporated in Rule 3 of the Rules of the Utah Supreme Court, effective April 20, 1987.

ed in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, and/or when multiple parties are involved, *the court may direct the entry of a final judgment as to* one or more but *fewer than all* of the *claims or parties only upon an express determination by the court that there is no just reason for delay* and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

(Emphasis added.) While the trial court's order may have qualified for certification under Rule 54(b), there was no determination made by the court that there was no reason for delay, nor was there an express certification in the record. Therefore, the order appealed from is not a final judgment for purposes of appeal. *Williams v. State,* 716 P.2d 806 (Utah 1986); *All Weather Insulation, Inc. v. Amiron Development Corp.,* 702 P.2d 1176 (Utah 1985); *Pate v. Marathon Steel Co.,* 692 P.2d 765 (Utah 1984). No motion was made under Rule 5 of the Utah Rules of Appellate Procedure [3] for an interlocutory appeal. Therefore, the appeal not being properly brought before the Court, it is ordered dismissed.

HALL, C.J., STEWART, Associate C.J., and ZIMMERMAN, J., and REGNAL W. GARFF, Court of Appeals Judge, concur.

DURHAM, J., having disqualified herself, does not participate herein; GARFF, Court of Appeals Judge, sat.

---

**3.** Rule 5 superseded Utah Rule of Civil Procedure 72(b) and is incorporated in Rule 5 of the Rules of the Utah Supreme Court, effective April 20, 1987.