**Dianne O'BRIEN, Plaintiff and Respondent,**

**v.**

**Mike RUSH dba Mike's Garage, Defendant and Appellant.**

No. 860078–CA.

Court of Appeals of Utah.

Oct. 13, 1987.

John T. Caine, Richards, Caine & Richards, Public Defender Ass'n, Ogden, for defendant-appellant.

Roy Schank, Ogden, for plaintiff-respondent.

## OPINION

Before ORME, DAVIDSON and GARFF, JJ.

DAVIDSON, Judge:

Defendant appeals from the judgment of the Second District Court which awarded plaintiff the difference between the amount she paid for work performed on her vehicle and the value of that work; the damages resulting from depreciation of the vehicle's value during the time it was wrongfully held by defendant; and punitive damages. We affirm and remand.

On May 16, 1983, plaintiff experienced engine problems with her 1976 Volkswagen bus. The following day, plaintiff drove the vehicle to defendant's garage where defendant tentatively diagnosed the problem as a blown engine which would require a major overhaul. At trial, plaintiff contended that defendant quoted the repair cost to be a minimum of $1,000.00 to $1,200.00 while defendant claimed he informed plaintiff that the repairs would cost between $1,200.00 and $1,600.00. Plaintiff consented to work beginning on the vehicle. Defendant testified that additional problems were found and that on June 15, 1983, he obtained plaintiff's approval for those repairs which would increase the cost to over $1,800.00. Upon completion of the repairs, plaintiff was presented with a bill for $2,130.01.

Plaintiff paid defendant $1,600.00, with a promise to pay the remainder, and defendant released the vehicle to her. Almost immediately, the vehicle developed an oil leak which was repaired by defendant for a parts charge of $2.37. During August 1983 while plaintiff was returning to Utah from Idaho, plaintiff's vehicle suffered a fire in the engine compartment and was later towed to defendant's garage. Defendant performed diagnostic work on the vehicle to determine the cause of the fire for which he charged plaintiff $34.21. Plaintiff claims that defendant offered to repair the resultant damage for $1,000.00 but she declined and requested that the vehicle be released to her. Defendant refused to comply and held the vehicle on a claimed mechanics' lien because plaintiff still owed on the original work order, for the oil leak repair part, and for the diagnosis concerning the fire's cause. Defendant contended that plaintiff refused to execute a written agreement promising to pay the amount due according to a specific schedule. Defendant held plaintiff's vehicle for almost ten months until approximately July 17, 1984, at which time she obtained a bond to secure its release. Trial to the court was held on September 20, 1984, at which time expert testimony was admitted which

enabled the court to establish the value of the work performed by defendant. Additionally, evidence was presented which was utilized to determine the vehicle's depreciation.

The trial court made numerous findings of fact upon which the conclusions of law and the judgment were based. Those conclusions most pertinent to this appeal are:

1. That the work done by the Defendant is in the amount of Five Hundred Dollars ($500.00). This takes into consideration the Court's finding that obviously the work was not properly done or the oil leaks would not have been there, the over-charging for some parts, and the failure of the evidence to disclose the value of the broken part which was installed, the new clutch which was installed, and the value of any other work which may remain. The Court's fixing of the sum of $500.00 [is] the best the Court can do on the evidence here presented.

. . . . .

3. That the Claim for the existence of a lien is unfounded in law. That the possession of the vehicle was released upon a promise to pay and a new obligation took its place. The return of the vehicle was not for further work but in an effort to settle a dispute over the other work which was done and did not reactivate the lien.

4. That insistence upon the lien has caused the Plaintiff to lose the use of the vehicle during that period of time, and concludes that the [vehicle] depreciated in value approximately Eight Hundred Dollars ($800.00) during the period of time.

. . . . .

7. The Court finds that the Defendant has made unwarranted claims that he had done work on the engine and installed proper gaskets when he had not done so. The Court further finds that the Defendant asserted charges for parts that [were] above and beyond that nor-mal in the trade. The Court further finds that Defendant, in reckless disregard of whether the lien was or was not valid, inserted the presence of the lien and held up the delivery of the vehicle for many months. The Court considers that this is a valid consumer's complaint for unwarranted over-charging and assertions of invalid liens and assesses punitive damages in the amount of One Thousand Dollars ($1,000.00) therefor.[1]

The trial court's judgment was signed on October 17, 1984, and provides that plaintiff shall receive $1,100.00 as the difference between the amount she paid for defendant's work and the value thereof, damages resulting from the vehicle's depreciation in value in the amount of $800.00 during the wrongful impoundment, and punitive damages of $1,000.00. Attorney fees of $1.00 were also awarded because of the unlawful assertion of the lien by defendant. Because no evidence was offered as to the proper amount, the $1.00 was awarded. Defendant filed his notice of appeal on November 12, 1984.

■ At trial, in addition to the parties, the trial court heard the testimony of three witnesses; one of defendant's witnesses was accepted by the court as an expert in automotive repairs pursuant to Utah R.Evid. 702. Plaintiff's witness was a school teacher who for approximately 20 years also operated a machine shop which primarily worked on automobile engines. Defendant's other witness was an individual he employed as a mechanic. Utah R.Civ.P. 52(a) states that findings of fact "shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses." We accept the findings of fact of the trial court as they are based on the expert testimony, because they cannot be categorized as "clearly erroneous," and they also appear to comply with the Utah Supreme Court's

1. This conclusion of law appears to contain the findings of fact upon which it is based. Regardless of the placement of the findings, they will be considered in the same manner as if they were more conventionally placed.

pronouncements concerning findings as stated in *Acton v. Deliran,* 737 P.2d 996, 999 (Utah 1987).

■ Defendant asserts that the trial court erred in finding that the value of defendant's work performed was only $500.00. In addition to what we have already stated concerning findings of fact, this issue is effectively disposed of by the Utah Supreme Court in *Clayton v. Crossroads Equipment Co.,* 655 P.2d 1125, 1130 (Utah 1982), where Justice Howe wrote, "In fixing damages the trial court is vested with broad discretion and the award will not be set aside unless it is manifestly unjust or indicates that the trial court neglected pertinent elements, or was unduly influenced by prejudice or other extraneous circumstances." Essentially, the court below had to determine what damages plaintiff suffered when she paid for work which was not properly performed. We believe the trial court carefully weighed the testimony and determined the value of the work performed by defendant which was then subtracted from what plaintiff had previously paid. She had bargained for a proper engine overhaul but received something far less. The damage award on this issue is affirmed.

■ Defendant contends that there is insufficient evidence to sustain the trial court's award of $800.00 as the vehicle's depreciation during the period it was held by defendant. The trial transcript indicates that the court received a copy of the National Automobile Dealers Association Official Used Car Guide (Sept.1984) into evidence. This is the "blue book" referred to by counsel in the transcript and it provides a range of prices for used cars back to and including 1977 models. Plaintiff's counsel suggested that an average depreciation could be determined which could be applied to 1976 model vehicles. Defendant failed to submit contrary evidence concerning the vehicle's depreciation. The trial court based its conclusion as to the depreciation on a "published [compilation], generally used and relied upon by the public or by persons in particular occupations." Utah R.Evid. 803(17).

■ Defendant also raises the issue of plaintiff's failure to mitigate her damages by failing to post a bond to secure release of her vehicle. Plaintiff's mitigation of damages was not at issue at trial and will not now be heard for the first time on appeal. *Bangerter v. Poulton,* 663 P.2d 100, 102 (Utah 1983).

■ Defendant objects to the award of punitive damages as being unsupported by the evidence. *Atkin Wright & Miles v. Mountain States Tel.,* 709 P.2d 330, 337 (Utah 1985), states "Before punitive damages may be awarded, the plaintiff must prove conduct that is willful and malicious, or that manifests a knowing and reckless indifference and disregard toward the rights of others" (citations omitted). *See Biswell v. Duncan,* 742 P.2d 80 (Utah App. 1987). The court below concluded that defendant exhibited a reckless disregard toward the validity of the lien upon which he held plaintiff's vehicle. The evidence shows defendant's conduct throughout this matter as being rather cavalier as it relates to the amount of time he took in making his repairs, the manner in which the repairs were conducted as evidenced by plaintiff's continuing problems and her vehicle's subsequent repair by another mechanic, and defendant's unwarranted insistence on repayment on terms other than those to which he initially agreed. The totality of the circumstances supports the conclusion that defendant took full advantage of plaintiff's lack of knowledge of automotive matters and her problems at that moment in time. His willful use of used parts, while charging premium prices for them as if they were new, is unconscionable. The award of punitive damages is proper. This is exactly the type of case calling for their award.

■ Plaintiff requests attorney fees incurred in responding to this appeal. This Court in *Eames v. Eames,* 735 P.2d 395, 398 (Utah App.1987), awarded attorney fees in a situation in which the "totality of defendant's argument" caused us to believe the appeal was frivolous. That alone meets the technical requirements of R.Utah Ct.App. 33(a). However, we then went on to state that defendant's argument "fails

to meet the standards of good faith and R.Utah Ct.App. 33(a) applies." *Id.* The last statement would tend to imply that R.Utah Ct.App. 33(a) requires this Court to find bad faith before attorney fees can be awarded. This is not so. *Cady v. Johnson,* 671 P.2d 149 (Utah 1983), which was cited in *Eames* concerns the award of attorney fees pursuant to Utah Code Ann. § 78–27–56 (1981). The standard in that section specifically includes an examination into the good faith of a litigant. That is appropriate in the trial court which is already involved in receiving evidence. Such a subjective standard is inappropriate for an appellate court.

Rule 33(a) states that attorney fees may be awarded when the "motion made or an appeal taken under these rules is either frivolous or for delay...." While it may be possible to determine when an action is taken for delay, the question of what is a frivolous appeal is more difficult. In *Cady,* 671 P.2d at 151, the Utah Supreme Court equated frivolous with being without merit. We agree. A frivolous appeal is one without merit. But something more must be required or we will find ourselves in a "loser pay" situation.

█ In reviewing the body of the Rules of the Utah Court of Appeals we find Rule 40(a) which gives some guidance. This rule requires counsel, or a party if without counsel, to sign each "motion, brief, and other paper...." The rule further states:

> The signature of an attorney or a party constitutes a certificate that the attorney or the party has read the motion, brief, or other paper; that to the best of the attorney's or the party's knowledge, information, and belief, formed after reasonable inquiry, it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purposes, such as to harass or cause unnecessary delay or needless increase in the cost of litigation.

This language offers a definition of what is frivolous. Further, the definition is sufficiently objective that this court can apply it without delving into the subjective intent of the parties. For purposes of Rule 33(a) of the Rules of the Utah Court of Appeals we define a "frivolous appeal" as one having no reasonable legal or factual basis as defined in Rule 40(a). An appeal brought for delay is one marked by dilatory conduct or conduct designed to mislead the court and which benefits only the appellant.

█ It may be argued that the imposition of this definition creates a lesser standard than that created by Utah Code Ann. § 78–27–56 (1981) which requires lack of good faith. We do not disagree. However, since a party has already been to court once and has had the benefit of one ruling, the decision to appeal should be reached only after careful consideration by the party and counsel.

Applying the above analysis to this case it is obvious that the trial court found no merit in the contentions of defendant. In reviewing the trial results it should have been equally obvious that the appeal had no reasonable legal or factual basis. The record shows that defendant took advantage of plaintiff both through unfair dealings with her and by holding her vehicle for an extended period of time without regard to her rights. It is apparent that defendant intended to force plaintiff to pay by holding her vehicle and thereby causing her great inconvenience. The record further shows the trial judge carefully fashioning relief after a fair opportunity for hearing. Defendant's claims on appeal simply controvert the findings of the court. The claims are not only without merit but are also without basis in law or fact. Plaintiff is entitled to the benefit of Rule 33(a).

The judgment of the trial court is affirmed and the case is remanded for a determination of plaintiff's attorney fees on appeal which are ordered to be paid by defendant. Double costs are ordered against defendant pursuant to R.Utah Ct. App. 33(a).

ORME and GARFF, JJ., concur.