Norman BARBER and Helen Barber,
husband and wife, Plaintiffs and
Respondents,

v.

The EMPORIUM PARTNERSHIP, et
al., Defendants and Appellants.

No. 870128–CA.

Court of Appeals of Utah.

Feb. 12, 1988.

Raymond N. Malouf (argued), Malouf Law Offices, Logan, for defendants and appellants.

N. George Daines (argued), Daines and Kane, Logan, for plaintiffs and respondents.

Before BENCH, GARFF and DAVIDSON, JJ.

OPINION

BENCH, Judge:

Defendants appeal from a trial court's order denying their motion to quash a writ of execution. We dismiss the appeal.

In January 1979, plaintiffs Norman and Jean Barber filed a complaint seeking payment of a promissory note executed by defendants Von Stocking and Don White as general partners of defendant Emporium Partnership. Defendants answered, arguing that plaintiffs, as limited partners, could not recover against the partnership. Plaintiffs filed a motion for judgment on the pleadings. In a judgment dated April 18, 1979, the trial court found for plaintiffs and "ordered ... that the plaintiffs have recovered judgment against the defendants in the [note] amount of $15,000.00 plus accrued interest at the rate of 12% from date hereof until paid in the amount of $2,180.00, and attorney fees in the amount of $4,000.00."

Defendants filed a motion for amendment to judgment, relief from judgment, and stay of execution, again arguing the partnership agreement precluded plaintiffs' recovery and challenging the attorney fees award. In a memorandum decision filed May 22, 1979, the trial court held, "Generally, the thrust of defendants' arguments goes to questions of how the judgment should be enforced and priorities in connection therewith. Therefore, defendants' mo-

tion is denied, of course, without prejudice to take any appropriate action when the judgment is sought to be enforced." The trial court's order denying defendants' motion was filed June 5, 1979.

In October 1982, upon plaintiffs' motion, the court issued a writ of execution on the judgment. Defendants filed a motion to strike the writ on the ground the writ sought post-judgment interest not permitted in the original judgment. The court denied defendants' motion in a memorandum decision filed December 1, 1982, but no order was entered. Subsequent writs were issued in December 1983, March 1984, and July 1986. Defendants filed motions to quash each writ. In a signed order dated October 15, 1986, the trial court denied defendants' motions.

Defendants again filed a motion to quash the writ of execution on November 7, 1986. In a memorandum decision on November 20, 1986, the court ruled "that this writ is the same as the other one where the motion was denied. The Court will therefore deny this one." The trial court filed its order on December 1, 1986. Defendants filed a motion to make additional findings and an objection to the form of the order. The court denied defendants' motion and objection in yet another order dated December 26, 1986. Defendants filed their notice of appeal on January 23, 1987.

On appeal, defendants challenge the enforceability of the judgment, specifically the partnership and attorney fees issues, and the award of post-judgment interest. Plaintiffs argue defendants' appeal is not timely.

 Defendants filed their notice of appeal within thirty days of the court's December 26, 1986 order. *See* R.Utah Ct. App. 4(a) and (b). However, the trial court resolved the partnership and attorney fees issues in its order denying defendants' motion to amend or relief from judgment dated June 5, 1979. Defendants argue the trial court's language in its memorandum decision of May 21, 1979 reserved these issues until the time of enforcement of the

judgment. We disagree. The June 1979 order did not preserve for later determination any aspect of the judgment on the promissory note. In its memorandum decision, the court merely noted that such issues as the priority of plaintiffs' judgment with respect to other creditors could be raised at the time of enforcement of the judgment. Defendants therefore have not appealed in a timely fashion the issues relating to partnership and attorney fees.

Under only slightly different reasoning, the appeal is also untimely on the issue of post-judgment interest. Defendants raised this issue in their first motion to strike the writ of execution in October 1982. The trial court denied their motion by memorandum decision. The trial court later denied several subsequent motions to quash. Finally, in its consolidated October 15, 1986 order, the trial court formally denied all of defendants' prior motions to quash the writs of execution. Clearly, defendants' opportunity to file a timely notice of appeal on the issue of post-judgment interest expired, at the latest, thirty days after the final order dated October 15, 1986. Subsequent proceedings on yet another motion to quash the writ of execution, filed on November 7, 1986, did not stay the time for appealing the issues resolved in the October order.[1]

Defendants have not timely appealed the issues here argued. The appeal is therefore dismissed. Costs to plaintiff. We also find this appeal to be for delay and without any reasonable legal or factual basis, or frivolous, under R.Utah Ct.App. 33(a). *O'Brien v. Rush,* 744 P.2d 306 (Utah App.1987). We therefore award attorney fees to plaintiffs and remand this matter to the trial court for a determination of a reasonable award.

GARFF and DAVIDSON, JJ., concur.

---

1. The November motion was not a motion for post-judgment relief which would stay the time for appealing the October order. *See* R.Utah Ct.App. 4(b); *Hume v. Small Claims Court Of Murray City,* 590 P.2d 309 (Utah 1979).