**BACKSTROM FAMILY LIMITED PARTNERSHIP, Frederick R. Backstrom and Mary Elizabeth Backstrom, General Partners, Plaintiffs and Respondents,**

**v.**

**Mark HALL and John Does 1–10, who may claim any interest in that certain parcel of real property located in Davis County, Utah and described more particularly as follows:**

**Beginning on the South line of the State Highway, 50 feet South of the center line thereof, at a point 602.42 feet South, more or less, and 1498.52 feet North 89°31′; East along the South line of said Highway from the Northwest corner of Section 25, Township 2 North, Range 1 West, Salt Lake Meridian, and running thence North 89°31′ East 352.44 feet along the South line of said Highway; thence South 0°54′ East 643.94 feet; thence South 89°20′30″ West 361.-36 feet along a line 40 rods North of the South line of Lot 3, Block 19, North Mill Creek Plat; thence North 0°06′30″ West 645.06 feet to the point of beginning, Defendants and Appellants.**

No. 870126–CA.

Court of Appeals of Utah.

March 23, 1988.

William B. Parsons, III (argued), Pace, Klimt, Wunderli & Parsons, Salt Lake City, for defendants and appellants.

Daniel W. Marcum (argued), Victor Lawrence, Salt Lake City, for plaintiffs and respondents.

Before BENCH, BILLINGS and GREENWOOD, JJ.

## OPINION

BENCH, Judge:

Defendant Mark Hall appeals from a trial court's denial of his motion to compel a sale of real property. We find the court's ruling is not an appealable order. We therefore dismiss the appeal. Plaintiffs are awarded double costs, including reasonable attorney fees, pursuant to R.Utah Ct. App. 33(a).

On September 17, 1985, defendant purchased Rolling Home Mobile Park (Rolling Home) from plaintiff Backstrom Family Limited Partnership. The purchase price was $500,000. Defendant paid $50,000 down and executed a trust deed for the balance of $450,000. Payment in full was due January 6, 1986, with interest to accrue at the rate of 21% per annum on any amount not timely paid.

Defendant defaulted on the January payment and, on February 3, 1986, the parties entered into an escrow agreement to protect Rolling Home's rental income. As part of the agreement, plaintiffs promised to forego foreclosure proceedings provided defendant open a bank account into which he would deposit the rental income. When defendant breached the agreement by failing to open the specified bank account, plaintiffs filed a complaint for foreclosure on February 28, 1986. A stipulation was signed March 8, 1986 to allow the parties more time to negotiate a complete settlement. On April 3, 1986, the parties signed another stipulation in which defendant agreed to pay the $450,000 due on the trust deed, all interest that had accrued, costs plaintiffs had incurred, and reasonable at-

torney fees. If the terms of the agreement were not met by the stipulated date, judgment was to be entered against defendant; plaintiffs would receive title to Rolling Home and defendant would be liable for the interest, costs, and fees. Defendant failed to meet the terms of the stipulation and the lower court entered judgment against defendant on April 29, 1986. Title to Rolling Home was ordered vested in plaintiffs, and plaintiffs were awarded judgment for $31,708 in interest, costs, and fees. The April judgment was not appealed.

After judgment was entered, plaintiffs commenced supplemental proceedings for the collection of the debt. Defendant engaged in various activities to avoid collection. On May 7, 1986, defendant transferred title to two of his other properties to a close friend, Collin Morris. On September 23, 1986, the court ordered garnishment of defendant's bank accounts. Two days later, defendant closed the accounts.

On October 14, 1986, defendant filed a motion to compel the sale of Rolling Home to satisfy the debt. Defendant argued that under Utah's one-action rule, Utah Code Ann. § 78-37-1 (1987), plaintiffs must sell the "foreclosed property" (Rolling Home) before seeking a deficiency judgment and proceeding against other assets. In November 1986, plaintiffs moved the court to appoint a receiver over Valley Royal Mobile Home Park (Valley Royal), one of the properties defendant had conveyed to Collin Morris.

On November 20, 1986, the court ruled on defendant's motion to compel sale and plaintiffs' motion to appoint a receiver. The court denied the motion to compel sale, recognizing that, although Utah's one-action rule would normally apply, the parties had mutually agreed to forego its application by the April 3, 1986 stipulation. The court further granted the motion for the appointment of a receiver.

Defendant thereupon joined Collin Morris as a third party defendant and asked the court to reconsider its ruling on the motions. On December 12, 1986 the court again denied the motion to compel sale and

upheld the appointment of the receiver. The court ordered a hearing for December 30, 1986 to determine defendant's interests in Valley Royal. Upon defendant's inquiry, the court stated that the time limit for appealing the court's decision concerning the motion to compel sale would begin running immediately, namely December 12, 1986. An order was signed on December 19, 1986 in conformity with the December 12 ruling. Defendant has appealed the court's decision.

■ This is clearly not a final appealable order under R.Utah Ct.App. 3 as a new party had been added and all issues as to all parties have not been resolved. *See All Weather Insulation, Inc. v. Amiron Dev. Corp.*, 702 P.2d 1176 (Utah 1985). This is also not an interlocutory appeal filed under R.Utah Ct.App. 5. The only possible basis for treating this as an appealable order is under Utah R.Civ.P. 54(b).

■ The Utah Supreme Court in *Pate v. Marathon Steel Co.*, 692 P.2d 765 (Utah 1984), set out the standard under which rulings are appealable under Rule 54(b). A ruling is subject to Rule 54(b) certification if 1) there are multiple claims or parties; 2) the ruling would be appealable but for the fact that other claims or parties remain in the action; and 3) the trial court determines that there is "no just reason" to delay the appeal. Appeal of such a ruling is available when the lower court "certifies" the order under Rule 54(b). However, even with certification, the order is not appealable unless it wholly disposes of a claim or party. *Pate*, 692 P.2d at 768.

The order in this case lacks the procedural requirements of certification. On December 12, 1986, defendant's motion to compel the sale of Rolling Home was denied. Defendant asked the court when the time for appeal would begin. The court responded, "today is that day." Accordingly, an order was signed on December 19, 1986 which stated, "The time period allowed for Defendant to appeal this Court's decision ... began running on the date this Court's Ruling was rendered, namely, December 12, 1986." The court did not designate the order as being final, nor did the

court expressly find that there was "no just reason" for delay of an appeal. The Utah Supreme Court has found this procedural defect fatal to a hearing on the merits. *See Crosland v. Peck*, 738 P.2d 631 (Utah 1987). The order here appealed has not been properly certified under Rule 54(b).

The order also lacks the substantive qualities of being "final" as to the issues and parties here concerned. Hence, Rule 54(b) certification is not even available at this stage of the proceedings. The trial court's denial of the motion to compel sale of Rolling Home did not dispose of plaintiffs' claim against defendant nor did it end the supplemental proceedings. At the time of the denial of defendant's motion, a new party was added and further proceedings were ordered to satisfy defendant's debt to plaintiffs. The decision was therefore not a final order. *See Olson v. Salt Lake City School Dist.*, 724 P.2d 960 (Utah 1986).

 Plaintiffs have asked for damages on appeal pursuant to R.Utah Ct.App. 33(a). This Court, in *O'Brien v. Rush*, 744 P.2d 306 (Utah App.1987), stated that attorney fees will be awarded upon a finding that an appeal is frivolous. A frivolous appeal is one without reasonable legal or factual basis as defined in R.Utah Ct.App. 40(a). *O'Brien*, 744 P.2d at 310. Rule 40(a) states:

> The signature of an attorney or a party constitutes a certificate that the attorney or the party has read the motion, brief, or other paper; that to the best of the attorney's or the party's knowledge, information, and belief, formed after reasonable inquiry, it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purposes, such as to harass or cause unnecessary delay or needless increase in the cost of litigation.

An appeal must be well grounded in fact or law and must not be brought for the purpose of delay.

The decision to appeal should be reached only after careful consideration by counsel and client. *O'Brien*, 744 P.2d at 310. Careful consideration in this case should have revealed that this appeal was not taken from a properly certified order, nor was it taken from an order that wholly disposed of a claim or party. Rather, this appeal appears to be one in a series of many actions designed to postpone the collection of defendant's debt. Defendant defaulted on the trust deed. He executed several agreements with plaintiffs, breaching each one. He transferred several of his properties and closed his bank accounts. Each move appears designed to delay collection of the debt. Unfortunately, through the filing of this frivolous appeal, defendant has succeeded in delaying the collection of the debt for well over a year.

The appeal is dismissed. Plaintiffs are awarded double costs, including reasonable attorney fees incurred on appeal. Remanded for the purpose of taking evidence on amount of attorney fees awardable.

BILLINGS and GREENWOOD, JJ., concur.