**Guido C. PORCO, Plaintiff and Appellant,**

v.

**Vincenza Mangio PORCO, Defendant and Respondent.**

**No. 860150–CA.**

Court of Appeals of Utah.

April 5, 1988.

Joseph H. Gallegos, Michael R. Sciumbato, Gallegos & Sciumbato, Salt Lake City, for plaintiff and appellant.

John Spencer Snow, Snow & Halliday, Salt Lake City, for defendant and respondent.

Before GARFF, JACKSON and ORME, JJ.

## OPINION

GARFF, Judge:

Plaintiff/appellant Guido and defendant/respondent Vincenza Porco were divorced on July 14, 1977, after a twenty-seven year marriage. The trial court ordered plaintiff to pay defendant $200 alimony per month and distributed the parties' property.

Plaintiff has unsuccessfully attempted to terminate or modify alimony payments four times between January 1980 and the filing of this action on February 29, 1984.[1] He has previously refused to pay alimony, which has resulted in several judgments and garnishment proceedings being taken against him. By his present motion, he seeks to terminate alimony, to secure the return of certain personal property, and to recover attorney fees. Defendant filed a motion in response to plaintiff's motion seeking alimony arrearages, attorney fees, and an order restraining plaintiff from harassing her by continually bringing modification actions.

On July 31, 1985, the trial court denied plaintiff's motion and ordered him to pay defendant's attorney fees. Plaintiff contends that the trial court abused its discretion by (1) finding no material change of circumstances and, thereby, refusing to terminate alimony; (2) failing to award plaintiff certain items of personal property; and (3) awarding $1,500 in attorney fees to defendant.

■ Plaintiff did not appeal the original divorce decree. To modify the decree now, plaintiff must show "a substantial change of circumstances occurring since the entry of the decree and not contemplated in the decree itself." *Naylor v. Naylor*, 700 P.2d 707, 710 (Utah 1985). *See also Jeppson v. Jeppson*, 684 P.2d 69, 70 (Utah 1984); *Christiansen v. Christiansen*, 667 P.2d

592, 594 (Utah 1983). The trial court found there was no material change of circumstances. To overturn this finding, plaintiff must show that the evidence clearly preponderates to the contrary, or that the trial court abused its discretion or misapplied the law, or that the trial court's award works such a manifest injustice as to show clearly an abuse of discretion. *Gill v. Gill*, 718 P.2d 779, 780 (Utah 1986). However, the trial court is afforded considerable discretion, and its actions are cloaked with a presumption of validity. *Id.; see also King v. King*, 717 P.2d 715, 715–16 (Utah 1986); *Boyle v. Boyle*, 735 P.2d 669, 670 (Utah Ct.App.1987).

### I

### CHANGE OF CIRCUMSTANCES

■ The record amply supports the trial court's finding that there has been no material change in the parties' circumstances. Although plaintiff's and defendant's incomes have increased, their expenses have also increased proportionately, resulting in no substantial change in their relative financial positions. Defendant still requires the $200 alimony award to maintain as nearly as possible her previous standard of living and to prevent her from becoming a public charge. *See English v. English*, 565 P.2d 409, 411 (Utah 1977). We affirm the trial court on this issue.

### II

### PERSONAL PROPERTY

■ Ten years after entry of the original divorce decree,[2] plaintiff requests that this Court redistribute certain items of personal property.[3] Plaintiff has failed to show any substantive change of circumstance concerning the distribution of property and

---

1. Plaintiff instituted modification actions in January 1980, May 1980, October 1981, and June 1982.

2. The original divorce decree was entered on July 14, 1977.

3. Plaintiff was originally awarded two vehicles, a camper, several guns, various hand tools and

"personal possessions and affects [sic] as his sole and separate property now in his possession." Defendant was awarded "all of the furnishings and effects, including the fixtures and appliances and other personal property in the home of the parties not awarded to the plaintiff."

"[i]n the absence of such a showing, the decree shall not be modified and the matters previously litigated and incorporated therein cannot be collaterally attacked in face of the doctrine of res judicata. Consequently, [the] attempt to challenge the equity of the original decree cannot be tolerated." *Kessimakis v. Kessimakis,* 580 P.2d 1090, 1091 (Utah 1978) (footnote omitted). *See also Foulger v. Foulger,* 626 P.2d 412, 414 (Utah 1981).

■ Plaintiff further alleges that the trial court's failure to award him other personal property in defendant's possession, which he originally purchased, has resulted in a serious inequity requiring reversal of the original property distribution. However, this is not a changed circumstance, so any inequity should have been resolved at the original trial or by appeal of that decision.

■ Plaintiff also seeks to have defendant held in contempt of court for failing to return to him a radial arm saw. He speciously argues that it can be operated with one hand, and, therefore, under the terms of the original decree, is his property as a "hand tool." Obviously, a radial arm saw is not a hand tool. This argument merely epitomizes the frivolous nature of this appeal, and warrants no further comment. We thus affirm the trial court's refusal to redistribute the personal property.

## III

### ATTORNEY FEES

■ Plaintiff contends that attorney fees should not have been awarded to defendant because there was insufficient evidence of defendant's need. In divorce actions, an award of attorney fees must be supported by evidence that the amount awarded was reasonable and that the party receiving the award was reasonably in need. *Huck v. Huck,* 734 P.2d 417, 419 (Utah 1986). "Relevant factors of reasonableness include 'the necessity of the number of hours dedicated, the reasonableness of the rate charged in light of the difficulty of the case and the result accomplished, and the rates commonly charged for divorce actions in the community.' " *Beals v. Beals,* 682 P.2d 862, 864 (Utah 1984) (quoting *Kerr v. Kerr,* 610 P.2d 1380, 1384–85 (Utah 1980)); *see also Talley v. Talley,* 739 P.2d 83, 84 (Utah Ct.App.1987).

■ Defendant's attorney submitted a well-documented affidavit requesting $4,130.70. By comparison, the trial court's award of $1,500 was minimal. No cross-appeal concerning the attorney fee award was filed by defendant, and we, accordingly, have no occasion to consider whether error was committed in awarding this reduced amount. The pleadings, discovery, plaintiff's obstreperous behavior, time devoted to pre-trial matters, and actual trial time all reflect the apparent reasonableness of defendant's request, much less the amount actually awarded.

■ Evidence of defendant's need for assistance in paying her attorney fees unfolded during the entire trial, so a special proceeding specifically concerned with determination of her need is not necessary. The Utah Supreme Court similarly concluded in *Newmeyer v. Newmeyer,* 745 P.2d 1276, 1279 (Utah 1987), stating: "Because ample evidence of [the wife's] financial condition was before the court, we reject [the husband's] argument that the trial court's finding of need was unsupported by the evidence."

Because the trial court's award was based on evidence that the amount awarded was reasonable and defendant was in need, the trial court did not abuse its discretion in awarding attorney fees to defendant.[4]

## IV

### SANCTIONS FOR FRIVOLOUS APPEAL

In oral argument, defendant's counsel argued for the imposition of sanctions on plaintiff for bringing a frivolous appeal.

---

4. In any case, the award might be sustainable on an alternate ground, pursuant to Utah Code Ann. § 78–27–56 (1987), which authorizes fees to be awarded "to a prevailing party if the court determines that the action or defense to the action was without merit and not brought or asserted in good faith."

■ This Court is distressed both by the frivolous nature of this appeal and by plaintiff's apparent harassment of defendant through repeatedly bringing civil actions against her and, thereby, forcing her to pay substantial court costs and attorney fees. Rule 33(a) of the Rules of Utah Court of Appeals provides that "[i]f the court determines that a motion made or an appeal taken under these rules is either frivolous or for delay, it shall award just damages and single or double costs, including reasonable attorney fees, to the prevailing party."

We find no legal or factual basis for this appeal in the record. Instead, it is merely a continuation of plaintiff's efforts to harass defendant. This Court has previously defined a frivolous appeal as "one having no reasonable legal or factual basis as defined in Rule 40(a)."[5] *O'Brien v. Rush*, 744 P.2d 306, 310 (Utah Ct.App.1987); *see also Barber v. The Emporium Partnership*, 750 P.2d 202, 203 (Utah Ct.App.1988).

■ We recognize that sanctions for frivolous appeals should only be applied in egregious cases, lest there be an improper chilling of the right to appeal erroneous lower court decisions. However, sanctions should be imposed when "an appeal is obviously without any merit and has been taken with no reasonable likelihood of prevailing, and results in delayed implementation of the judgment of the lower court; increased costs of litigation; and dissipation of the time and resources of the Law Court." *Auburn Harpswell Ass'n v. Day*, 438 A.2d 234, 239 (Me.1981). Therefore, we award costs and attorney fees on appeal to defendant.

At some point, plaintiff should understand that his emotional involvement in this case completely distorts the factual merits of his arguments. That message has previously been delivered five different times by the trial court. We wish to make it clear to plaintiff, by imposing this sanction, that any further efforts on his part to punish defendant will only result in his increased expenditure of time, effort and money.

We affirm the trial court's decision and remand this matter to the trial court for determination of the *full* amount of costs and attorney fees, without reduction, reasonably incurred by defendant on appeal.[6]

JACKSON and ORME, JJ., concur.

---

5. Rule 40(a) of the Rules of the Utah Court of Appeals states, in pertinent part, that:
   The signature of an attorney or a party constitutes a certificate that the attorney or the party has read the motion, brief, or other paper; that to the best of the attorney's or the party's knowledge, information, and belief, formed after reasonable inquiry, it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purposes, such as to harass or cause unnecessary delay or needless increase in the cost of litigation.

6. The trial court is authorized to allocate responsibility for payment of defendant's costs and fees on appeal, in whole or in part, to plaintiff or to plaintiff's attorney as it deems appropriate.