**OK MOTORS, INC., dba Mountain Motors, Plaintiff and Appellant,**

**v.**

**Charles P. HILL, Defendant and Respondent.**

**No. 870216–CA.**

Court of Appeals of Utah.

Oct. 14, 1988.

Michael J. Petro, Harris & Carter, Provo, for plaintiff and appellant.

Mark F. Bell, Harold C. Verhaaren, Mazuran, Verhaaren & Hayes, Salt Lake City, for defendant and respondent.

Before ORME, JACKSON and GREENWOOD (On Law and Motion), JJ.

MEMORANDUM DECISION

PER CURIAM:

Plaintiff OK Motors, Inc. appeals from an order granting defendant Charles P. Hill's motion for summary judgment on appellant OK Motors' Complaint and dismissing the Complaint with prejudice. We dismiss the appeal for lack of jurisdiction because the order appealed from is not a final judgment.

On January 31, 1986, OK Motors filed a complaint to enforce payment by Hill under

---

**68.** *See supra* notes 52–53; *J & J Food Centers, Inc. v. Selig,* 76 Wash.2d 304, 309, 456 P.2d 691 (1969); *Boutros,* 655 F.2d at 1259.

a contract for the sale of a used automobile. Hill answered and counterclaimed for breach of contract, breach of express and implied warranties and fraud, alleging that the automobile was inoperable. OK Motors denied all material allegations of the counterclaim. Each of the parties pursued discovery on the issues of the complaint and the counterclaim for a period of roughly one year.

On February 24, 1987, Hill made a motion for summary judgment. The motion does not specifically mention the counterclaim, and the supporting memorandum of law and affidavit are directed to issues pertaining to Hill's defense rather than the claims for affirmative relief. OK Motors filed an opposing memorandum of law also addressing factual and legal issues relevant to the complaint. An unsigned minute entry dated March 31, 1987 stated that Hill's motion was granted, the case was dismissed and directed Hill's counsel to prepare appropriate documents. On May 4, 1987, the trial court entered an order dismissing "Plaintiff's Complaint with prejudice." The order is silent as to Hill's counterclaim. OK Motors filed a Notice of Appeal dated June 3, 1987 appealing from the order granting Hill's motion for summary judgment. No order appears dismissing the counterclaim, which is still pending before the trial court.

Subject to clearly defined exceptions, the Rules of the Utah Court of Appeals and the Utah Rules of Civil Procedure allow appeal only from the final judgment that concludes the action. *See Pate v. Marathon Steel Co.*, 692 P.2d 765, 767 (Utah 1984); *Backstrom Family Ltd. Partnership v. Hall*, 751 P.2d 1157, 1159 (Utah App.1988). The exceptions to the general rule are an interlocutory appeal under R. Utah Ct.App. 5 or an appeal of an order properly certified by the trial court as a final order for purposes of appeal under Utah R.Civ.Pro. 54(b). Rule 54(b) provides:

> When more than one claim for relief is presented in an action, whether as a

claim, counterclaim, cross-claim, or third-party claim, and/or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination by the court that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

The order being appealed in the present case dismissed OK Motor's complaint to recover the contract price, but did not dispose of Hill's counterclaim seeking compensatory and punitive damages.[1] No petition for interlocutory appeal was filed within the time set forth in R.Utah Ct.App. 5(a) and no certification of finality appears in the record. Even assuming that the trial court's order "may have qualified for certification under Rule 54(b), there was no determination made by the court that there was no just reason for delay, nor was there an express certification in the record. Therefore, the order appealed from is not a final judgment for purposes of appeal." *Crosland v. Peck*, 738 P.2d 631, 633 (Utah 1987); *Backstrom*, 751 P.2d at 1160.

The appeal is not properly before the court and is, therefore, dismissed.

ORME, JACKSON and GREENWOOD, JJ., concur.

---

1. The record includes an order granting a motion to add Hill's credit union as a defendant, but there is no indication that the credit union was ever served with a summons and complaint and made a party.