Annette **FIFE**, Plaintiff and Appellant,

v.

Sherma **FIFE**, Defendant and Respondent.

No. 880338–CA.

Court of Appeals of Utah.

July 12, 1989.

---

Gaylen S. Young, Jr. (argued), Salt Lake City, for plaintiff and appellant.

David R. Daines (argued), Logan, for defendant and respondent.

Before BILLINGS, CROFT,[1] and GARFF, JJ.

## OPINION

BRYANT H. CROFT, Judge:

Plaintiff Annette Fife appeals from the dismissal of her complaint on the court's own motion following presentation of her evidence at trial. We affirm, and award attorneys fees to the respondent, Sherma Fife, under R. Utah Ct. App. 33(a).

Thomas and Sherma Fife were husband and wife for 17 years, until divorced August 27, 1984, in Logan, Utah. In April of 1984, Thomas moved out of the home and consulted an attorney about a divorce. The marital home was held in joint tenancy. In May, 1984, Thomas executed a quitclaim deed conveying his joint tenancy interest to Sherma. At that time, Thomas and Sherma also executed a trust agreement which provided that Sherma would hold the house in trust for certain stated purposes, and, upon sale, would divide the net proceeds with Thomas. It further contained a provision that, should Thomas die before sale of the house, the trust agreement would be null and void. At the time of the quitclaim deed, criminal charges were pending against Thomas, and he was suffering from depression and severe emotional strain.

On August 1, 1984, Thomas and Sherma executed a settlement agreement which gave custody of their two minor children to Sherma, effected a division of personal property, and referred to the quitclaim deed and trust agreement. Thomas acknowledged in the settlement agreement that his half of the joint tenancy property was being transferred to Sherma since, as a result of his loss of employment, he would not always be able to pay adequate child support and alimony as agreed in the settlement.

Thereafter, on August 27, 1984, Sherma obtained a default divorce decree in the trial court. Thomas moved from Logan, Utah. On March 28, 1985, Thomas committed suicide. He left few assets, and there was no probate of his estate.

The plaintiff, Annette Fife, is the natural daughter of Thomas Fife. Within a year of her birth she was taken by her mother to Denmark, where she has remained for some 27 years. While Thomas was alive, she maintained contact with him by correspondence and personal visits. In September, 1985, Annette learned of her father's death. She filed her complaint in this case in February of 1986, alleging that Sherma had defrauded Thomas's estate of property through the divorce process, and claiming entitlement to a one-third share of his estate. Annette sought to have the quitclaim deed set aside, claiming undue influence, duress, and constructive fraud.

Under the clearly established and oft-repeated standard of appellate review, we reverse a trial court's finding of fact only if, after marshalling all relevant evidence from the record, the appellant demonstrates that the finding was clearly erroneous.[2] Annette has failed to do so in this case. There is abundant evidence in the record to support the sua sponte ruling of the court and its findings that Thomas was neither incompetent, deceived or unduly in-

1. Bryant H. Croft, Senior District Judge, sitting by special appointment pursuant to Utah Code Ann. § 78–3–24(1)(j) (1987).

2. Utah R.Civ.P. 52(a); *Cornish Town v. Koller,* 758 P.2d 919, 922 (Utah 1988); *Scharf v. BMG Corp.,* 700 P.2d 1068, 1070 (Utah 1985); *General Glass Corp. v. Mast Construction Co.,* 766 P.2d 429, 433 (Utah App.1988), *cert denied,* 109 Utah Adv. Rep. 39 (1989).

fluenced by Sherma, nor under duress stemming from Sherma[3] sufficient to justify setting aside the quitclaim deed and the subsequent property settlement agreement upon which the divorce decree was based.

■ Because it is obvious from the record that the trial court's findings were not clearly erroneous, we are convinced that Annette's appeal is frivolous. In such circumstances, Rule 33(a) of this court requires that we award attorneys fees in a reasonable amount to the respondent.[4]

We thus affirm the trial court's judgment of dismissal and remand for a determination of the amount of fees incurred on appeal.

BILLINGS and GARFF, JJ., concur.

---

**3.** For a conveyance to be set aside for duress, the duress must ordinarily be "attributable to the grantee." *Barlow Soc'y v. Commercial Sec. Bank,* 723 P.2d 398, 401 (Utah 1986).

**4.** R. Utah Ct. App. 33(a) provides in part: "If the court determines that a motion made or an appeal taken under these rules is either frivolous or for delay, it shall award just damages and single or double costs, including reasonable attorney fees, to the prevailing party." *See Brig-*

*ham City v. Mantua Town,* 754 P.2d 1230, 1236–37 (Utah App.1988); *Porco v. Porco,* 752 P.2d 365, 369 (Utah App.1988); *Backstrom Family Ltd. Partnership v. Hall,* 751 P.2d 1157, 1160 (Utah App.1988); *Barber v. The Emporium Partnership,* 750 P.2d 202, 203 (Utah App.1988); *O'Brien v. Rush,* 744 P.2d 306, 310 (Utah App. 1987); *cf. Maughan v. Maughan,* 770 P.2d 156, 162 (Utah App.1989); *Taylor v. Taylor,* 770 P.2d 163, 170–73, (Utah App.1989).