**Sandra J. ALLRED, Plaintiff and Appellee,**

v.

**Robert G. ALLRED, Defendant and Appellant.**

**No. 900580–CA.**

Court of Appeals of Utah.

Feb. 11, 1991.

Rehearing Denied March 20, 1991.

J. Franklin Allred, Salt Lake City, for defendant and appellant.

David S. Dolowitz, John B. Mason, Salt Lake City, for plaintiff and appellee.

Before ORME, GARFF and BENCH, JJ. (on Law and Motion).

## MEMORANDUM DECISION

**PER CURIAM:**

This is an appeal from an order granting a motion to set aside judgment, partially vacating provisions of a divorce decree, and ordering further proceedings before the trial court. This court made a sua sponte motion for summary dismissal based upon the lack of a final judgment, and called for responses. Appellee Sandra J. Allred subsequently filed a motion for summary disposition on the same grounds and also sought an award of attorney fees under Utah R.App.P. 33. Appellant responded by filing his own motion for summary reversal claiming manifest error in the trial court's ruling.

## JURISDICTION AND FINALITY

The preliminary issue before the court is whether the appeal is from a final judgment and thus within the subject matter jurisdiction of this court. "[T]he initial inquiry of any court should always be to determine whether the requested action is within its jurisdiction. When a matter is outside the court's jurisdiction, it retains only the authority to dismiss the action." *Varian–Eimac, Inc. v. Lamoreaux,* 767 P.2d 569, 570 (Utah Ct.App.1989). This court summarized the well-established principles of appellate jurisdiction in *OK Motors, Inc. v. Hill,* 762 P.2d 1102 (Utah Ct. App.1988) (per curiam):

> Subject to clearly defined exceptions, the Rules of the Utah Court of Appeals and the Utah Rules of Civil Procedure allow appeal only from the final judgment that concludes the action. *See Pate v. Marathon Steel Co.,* 692 P.2d 765, 767 (Utah 1984); *Backstrom Family Ltd. Partnership v. Hall,* 751 P.2d 1157, 1159 (Utah

App.1988). The exceptions to the general rule are an interlocutory appeal under R.Utah Ct.App. 5 or any appeal of an order properly certified by the trial court as a final order for purposes of appeal under Utah R.Civ.P. 54(b)....

*OK Motors, Inc. v. Hill,* 762 P.2d 1102 at 1103 (Utah Ct.App.1988).[1]

This appeal is purportedly taken from a final judgment, and none of the exceptions are claimed to be applicable. Appellant basically contends that an order setting aside a final judgment, after the time for appeal has run, and scheduling further proceedings, is grossly improper and must, therefore, be immediately appealable. We cannot agree.

Initially, we note that Rule 60(b), by definition, operates to set aside a final judgment, after the time for appeal has run. After the initial judgment was set aside and further proceedings conducted, the trial court entered judgment, which concluded the action by resolving the issues of property division and child visitation. Appellant was clearly entitled to take an appeal from that final judgment, but he did not do so. Instead, appellant purports to take an appeal as a matter of right from an order that vacated the child visitation and property division provisions of the initial decree pending further proceedings to resolve those issues. The order, although subsequent in time to the "final" judgment initially entered, is nonetheless interlocutory in nature because upon its entry, further proceedings concerning property and visitation became necessary prior to entry of final judgment. The appeal is not within our jurisdiction because it is not taken from a final judgment, nor was permission for an interlocutory appeal sought or granted.[2]

1. The adoption of combined Utah Rules of Appellate Procedure in January 1990 did not alter the provisions relied upon.

2. Because we lack jurisdiction, we are simply unable to consider the merits of appellant's argument that the trial court committed manifest error in partially vacating the divorce decree because appellee had not timely filed formal objections. Appellant's arguments would have

## CHARACTERIZATION OF MOTION

Appellant also argues that the motion to set aside entry of judgment was not proper under Rule 60(b) and that appellee's motion was actually an untimely motion to amend findings under Rule 52(b). An improper caption is not fatal to a motion where the nature of the motion can be ascertained from its substance. *Gallardo v. Bolinder,* 800 P.2d 816, 817 (Utah 1990) (per curiam). Whether construed as a Rule 60(b) motion or as a Rule 52(b) motion the characterization has no effect on the jurisdictional issue now before this court in view of the nature of the order entered by the trial court in response to the motion.

## ATTORNEY FEES

We next turn to appellee's motion for attorney fees and costs under Utah R.App.P. 33. The basis for the motion is that appellant was advised by opposing counsel in a hearing on November 15, 1990, that this appeal was not proper since it was not taken from a final order under *Pearson v. Pearson,* 641 P.2d 103 (Utah 1982), and that the trial court also specifically advised appellant that it retained jurisdiction to resolve the remaining issues. The trial court record supports these assertions. Thus, reasonable investigation by appellant's counsel would have immediately demonstrated the inappropriateness of this appeal, and an award of attorney fees is in order. *See* Utah R.App.P. 33(a), 33(b) ("A frivolous appeal ... is one that is not warranted by existing law...."); *cf. Taylor v. Estate of Taylor,* 770 P.2d 163, 171–72 (Utah Ct.App.1989) (Utah R.Civ.P. 11, which also speaks in terms of an action being "warranted by existing law," was violated and an award of attorney fees was appropriate where "reasonable inquiry"

been appropriate in an appeal from the final judgment ultimately entered by the court. Appellant did not, however, appeal from that judgment. Moreover, under the circumstances of this case, including the statements in the notice of appeal and docketing statement, the present appeal cannot be deemed a premature appeal, within the meaning of Utah R.App.P. 4(c), from the final judgment subsequently entered.

would have disclosed legal deficiency of a document attached to pleading.).

The case is remanded to the trial court for determination of an appropriate award of attorney fees to compensate appellee for all attorney fees reasonably incurred in resisting this frivolous appeal. The court should also determine whether the fees should be paid by appellant, his attorney, or both. Utah R.App.P. 33(a); *see also Taylor,* 770 P.2d at 172. Single costs on appeal are also awarded to appellee. *See* Utah R.App.P. 33(a).

The appeal is dismissed, and the case is remanded to the trial court for further proceedings consistent with this decision.

All concur.