In re UNITED FOAM CORPORATION, Debtor.

PRICE TRANSFER, INC., Plaintiff,

v.

PACIFIC MUTUAL LIFE INSURANCE COMPANY, Defendant.

Bankruptcy No. LA–81–08728–RM.
Adv. No. LA–820881–RM.

United States Bankruptcy Court,
C. D. California.

April 30, 1982.

Carl T. Anderson, Rogers & Wells, Los Angeles, Cal., for Pacific Mutual Life Ins. Co.

Alfred Visco, Visco & Wolfsen, Torrance, Cal., for Price Transfer, Inc.

## SUMMARY JUDGMENT

RICHARD MEDNICK, Bankruptcy Judge.

This adversary proceeding came on regularly for hearing by motion of defendant, Pacific Mutual Life Insurance Company, on April 7, 1982, before the Honorable Richard Mednick, United States Bankruptcy Judge, presiding, in Courtroom "F" of the above-entitled Court, located at 312 North Spring Street, Los Angeles, California. The Court having received the evidence, and having made its findings of fact and conclusions of law herein, and a decision having been duly rendered:

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. That Summary Judgment is granted in favor of Pacific Mutual Life Insurance Company and against Price Transfer, Inc. as follows:

(a) The provisions of Bankruptcy Code § 365, 11 U.S.C. § 365, gave Price Transfer, Inc. no greater rights than it had under the terms of its sublease of a portion of the premises located at 2626 Vista Industria, Compton, California (the "Premises"), which sublease is dated February 10, 1981 (the "Sublease"), under the terms of the consent to sublease between Pacific Mutual Life Insurance Company, as owner, United Foam Corporation, as tenant, and Price Transfer, Inc. as subtenant, which consent is dated April 1, 1981, (the "Consent") and under applicable California law.

(b) Bankruptcy Code § 365, 11 U.S.C. § 365, does not affect the relationship between Pacific Mutual Life Insurance Company and Price Transfer, Inc.

(c) Bankruptcy Code § 365, 11 U.S.C. § 365, does not create a valid and enforceable tenancy between Pacific Mutual Life Insurance Company and Price Transfer, Inc.

(d) The Sublease was and is terminable in accordance with the terms of the Sublease, the Consent and applicable California law.

2. That Pacific Mutual Life Insurance Company may proceed with its action in the Superior Court of the State of California for the County of Los Angeles, bearing Case No. SCC 05903 or in any other manner which it elects to exercise its rights with respect to the Sublease, the Consent and

applicable California law to regain possession of the premises and for damages which may be allowed by law.

3. That Price Transfer, Inc.'s Request for Injunctive Relief is denied. Pacific Mutual Life Insurance Company is not hereby enjoined or restrained from initiating, proceeding or in any manner attempting to evict Price Transfer, Inc. from the Premises.

4. That Pacific Mutual Life Insurance Company is awarded its costs of suit herein.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

The Motion to Dismiss the Complaint pursuant to Federal Rules of Civil Procedure, Rules 12(b)(1) and 12(b)(6) made by Pacific Mutual Life Insurance Company ("Pacific Mutual") was duly heard before the undersigned bankruptcy judge on April 7, 1982, in Courtroom F, 9th Floor, of the above-entitled court located at 312 North Spring Street, Los Angeles, California.

The court having read the notice of motion and motion on file herein, including the exhibits thereto, having considered the opposition of Price Transfer, having considered Pacific Mutual's Reply Memorandum, and good cause appearing therefore,

THE COURT HEREBY MAKES ITS FINDINGS OF FACT AS FOLLOWS:

## FINDINGS OF FACT

1. The debtor, United Foam Corporation ("United Foam"), as lessee, entered into a lease of certain premises located at 2626 Vista Industria, Compton, California (the "Premises") with Pacific Mutual Life Insurance Company ("Pacific Mutual"), as lessor, which lease was for a term of twenty years beginning January 11, 1979 (the "Lease").

2. Price Transfer, Inc. ("Price Transfer"), as sublessee, entered into a sublease of a portion of the Premises from United Foam, as sublessor, which sublease was dated February 10, 1981 (the "Sublease"). Pacific Mutual, as owner, United Foam, as tenant and Price Transfer as subtenant entered into a Consent to Sublease dated April 1, 1981 (the "Consent") whereby Pacific Mutual consented to the Sublease in accordance with the terms of the Consent.

3. Pacific Mutual is not a debtor in any bankruptcy case under Title 11 of the United States Code.

4. Price Transfer is not a debtor in any bankruptcy case under Title 11 of the United States Code.

5. On December 11, 1981, this Court entered its order authorizing a compromise of controversy between United Foam and Pacific Mutual (the "Court Order").

6. Pursuant to the Court Order, the Lease was duly terminated, the Sublease was duly rejected, and Price Transfer pursuant to Bankruptcy Code § 365(h) elected to remain in possession of the portion of the Premises which it occupied, thereby allowing Price Transfer to retain whatever estate it had in the Premises vis-a-vis Pacific Mutual.

7. The Court Order has become final.

8. The Court Order is now binding upon all parties, including Price Transfer.

9. This adversary proceeding raises no issues of fact or law which affect United Foam, United Foam's property or United Foam's Bankruptcy Case.

10. Pacific Mutual has commenced an action in unlawful detainer against Price Transfer to recover possession of the Premises, which action is pending in the Superior Court of the State of California, for the County of Los Angeles, as case number SCC 05903 (the "Unlawful Detainer Action").

11. If any of these findings of fact are deemed to be conclusions of law, then the Court hereby adopts the same as part of its conclusions of law.

The Court hereby adopts its conclusions of law as follows:

## CONCLUSIONS OF LAW

12. The Court has jurisdiction over this adversary proceeding under 28 U.S.C. § 1471.

13. The Court pursuant to 28 U.S.C. § 1471(d) does not abstain from exercising its jurisdiction in this adversary proceeding.

 14. Bankruptcy Code Section 365, 11 U.S.C. § 365, gave Price Transfer, as sublessee of a portion of the Premises, no greater rights than it had under the Sublease, the Consent and applicable California law.

15. Bankruptcy Code § 365, 11 U.S.C. § 365, does not affect the relationship between Price Transfer and Pacific Mutual since neither Price Transfer nor Pacific Mutual is a debtor in a bankruptcy case under Title 11 of United States Code.

16. Bankruptcy Code Section 365, 11 U.S.C. § 365, does not create a valid and enforceable tenancy between Pacific Mutual and Price Transfer.

17. The sublease was and is terminable in accordance with the terms of the Sublease, the Consent and applicable California law.

18. Except for the findings of fact and conclusions of law herein, this Court defers to the Superior Court of the State of California to render judgment in the Unlawful Detainer Action.

19. Pacific Mutual is entitled to proceed with the Unlawful Detainer Action, and its action for damages against Price Transfer.

20. These findings of fact and conclusions of law are binding on the parties for all purposes.

21. Price Transfer has failed to state a claim for injunctive relief enjoining and restraining Pacific Mutual from initiating, proceeding or in any manner attempting to evict Price Transfer from the Premises or otherwise regaining possession of the Premises.

22. Pursuant to Federal Rules of Civil Procedure, Rule 12(b), Pacific Mutual's Motion to Dismiss Pursuant to Federal Rules of Civil Procedure, Rules 12(b)(1) and 12(b)(6) is deemed a motion for summary judgment and is to be disposed of pursuant to Federal Rules of Civil Procedure, Rule 56.

23. There are no genuine issues of material fact in this adversary proceeding.

24. Without prejudice to Pacific Mutual's rights under the Lease, the Sublease, the Consent and applicable law, Pacific Mutual is not entitled to an award of sanctions in connection with this adversary proceeding.

25. Pacific Mutual is entitled to judgment being entered in its favor in this adversary proceeding pursuant to Federal Rules of Civil Procedure, Rule 12(b) and Rule 56.

26. This Court shall retain jurisdiction over the parties only insofar as is necessary to enforce the Court's Order entered December 11, 1981.

27. If any of these conclusions of law are deemed findings of fact, then the Court hereby adopts the same as part of its findings of fact.