Mark S. Miner, William J. Hansen, Salt Lake City, for defendants and appellants.

Jay V. Barney, Salt Lake City, for plaintiffs and respondents.

GENERAL MOTORS ACCEPTANCE CORPORATION, New York corporation, Plaintiffs and Respondents,

v.

Hector MARTINEZ and Manuel Rivera, Defendants and Appellants,

v.

GREAT EQUITY LIFE INSURANCE COMPANY OF CHICAGO, et al., Third-party Defendants and Respondents.

No. 19554.

Supreme Court of Utah.

Dec. 12, 1985.

PER CURIAM:

Defendants appeal from multiple orders and judgments of the district court. After careful consideration of the record before us, we conclude that the appeal is not taken from any final order that disposes of all the issues as to all the parties. Accordingly, we dismiss the appeal. *Pate v. Marathon Steel Co.*, Utah, 692 P.2d 765 (1984).

This case was previously before this Court in *General Motors Acceptance Corp. v. Martinez*, Utah, 668 P.2d 498 (1983). Plaintiff (GMAC) originally sued defendants for nonpayment of an automobile financing loan. Defendant Martinez brought a third-party complaint against Great Equity Life Insurance Company to enforce a credit insurance policy written to insure the automobile loan in the event of disability. The trial court entered judgment as a matter of law in favor of GMAC and against Martinez. No appeal was taken from that judgment. After trial on the third-party claim, the trial court entered judgment on the jury's verdict against Martinez and in favor of Great Equity Insurance Company. That judgment was appealed to this Court, and we held that Great Equity was estopped from denying Martinez coverage under the policy. We reversed the third-party judgment against Martinez and remanded "for entry of judgment against Great Equity and in favor of [defendants]." *Id.* at 502.

Defendant Martinez now appeals a subsequent interlocutory ruling by the trial court as to the validity of the judgment

between GMAC and defendant and an award of additional attorney fees to GMAC. This order was not certified for appeal under Rule 54(b), Utah Rules of Civil Procedure. No judgment has yet been entered on the third-party claims in compliance with our mandate. No determination has been made as to the amount of the judgment to be entered, including attorney fees, if appropriate. Until these and any other pending matters are resolved by the court below, there has not been a final disposition of all the respective liabilities and rights of the parties. We see no reason to address in piecemeal fashion the issues ruled on below. *Burton v. Barker*, Utah, 696 P.2d 1217 (1985).

A party may only appeal as of right from a final order which disposes of all claims and parties or from an order properly certified under Rule 54(b) which wholly disposes of a interlocutory review. Until a final order is entered or a Rule 54(b) certification by the trial court is obtained, defendants have not appealed from a final, appealable order. *Pate v. Marathon Steel Co.*, *supra.*

Defendants' appeal is dismissed, and the case is remanded to the trial court for entry of judgment as set forth in our prior decision.