Louis H. **HOLT** and Lisa K. **Parkinson,**
Plaintiffs and Respondents,

v.

Ronald D. **BIGGS,** BLI Trailer Park and
Sales, and Garth Nuttall, dba Basin
Nickel Ads, Defendants and Appellants.

No. 19529.

Supreme Court of Utah.

Jan. 23, 1986.

John L. McCoy, Salt Lake City, for defendants and appellants.

Robert McRae, Vernal, David Schwobe, Salt Lake City, for plaintiffs and respondents.

PER CURIAM:

Defendant BLI Trailer Park and Sales ("BLI") appeals from an order granting partial summary judgment. After careful review of the proceedings below, we conclude that the appeal is not taken from a final order that disposes of all the issues between all the parties. Utah R.App.P. 3. Because jurisdiction is absent, we dismiss the appeal. *Pate v. Marathon Steel,* Utah, 692 P.2d 765 (1984).

Plaintiffs ("Holt") claim to be the assignee of a sublessee under a real property sublease for the operation of a supermarket. After the lessee-sublessor filed for bankruptcy, Holt brought this action against the property owner (BLI), BLI's new lessee, and Holt's assignor (Biggs) in an effort to establish Holt's right to possession of the leasehold premises under Biggs' assignment to Holt. 11 U.S.C. § 365. Holt's complaint also alleges that defendant BLI converted rents paid to it by the other defendants which should have been paid to Holt. BLI counterclaimed against Holt for a determination that Holt's leasehold interest had terminated and for an accounting and damages insofar as past rental payments were concerned.

Holt and BLI separately moved for partial summary judgment on the issues of the validity of any lease or sublease and whether Holt was entitled to possession of the leasehold premises. The lower court granted Holt partial summary judgment allowed Holt to remain in possession, but required the payment of rent pending this action.[1]

Various other claims and issues raised by the pleadings, including the

---

1. It is unclear whether the lower court's ruling is premised upon "undisputed material facts" alleged in the affidavits of both parties, an interpretation of 11 U.S.C. § 365(h), as it regards the original lease and sublease or upon some new oral agreement. *See Price Transfer, Inc. v. Pacific Mutual Life Insurance Co.,* 20 B.R. 766 (Bankr. C.D. Cal.1982).

claims for accounting and damages, remain unresolved by the lower court. The order is not a final appealable order and was not so intended below. A party may appeal as of right only from a final order or from a ruling properly certified under Rule 54(b) of the Utah Rules of Civil Procedure. Otherwise, an appellant must seek interlocutory review. *General Motors Acceptance Corp. v. Martinez*, 24 Utah Adv.Rep. 18, 712 P.2d 243 (1985). An order granting only partial summary judgment and denying the appellant summary judgment is not appealable.

The appeal is dismissed, and the case remanded for further proceedings.