Dan WILLIAMS, Plaintiff and Appellant,

v.

STATE of Utah, Scott Matheson, Utah Liquor Control Commission, Kenneth Wynn, Dennis Kellen, Violet Cordova, Rae Booth, Craig Anderson, Dan Shaw, Richard Golden, State of Utah Public Safety Commission, Larry E. Lunnen, State of Utah Administrative Services, Jed Kee, and John Geisler, Defendants, Respondents, and Cross-Appellants.

No. 19357.

Supreme Court of Utah.

March 26, 1986.

---

Paul Gotay, Midvale, for plaintiff and appellant.

David L. Wilkinson, Atty. Gen., Robert N. Parrish, Asst. Atty. Gen., Salt Lake City, for defendants, respondents, and cross-appellants.

ZIMMERMAN, Justice:

Plaintiff Dan Williams appeals from a district court's order dismissing his complaint seeking damages from the Utah Liquor Control Commission, several state agencies, and individuals for alleged wrongful discharge and defamation but granting him leave to amend his defamation claims. The State of Utah cross-appeals from the court's decision to grant Williams leave to amend. We dismiss both appeals for lack of jurisdiction.

On August 26, 1981, Williams, an assistant manager at a Utah Liquor Control Commission store, was arrested and charged with theft from the store. He was immediately suspended pending disposition of the charges; he then resigned from his position. Several months later, he was acquitted on the criminal charges. Thereafter, he filed this civil action, seeking back pay and damages from the State, several of its agencies, and various state employees, both as agents of the State and as individuals.

Defendants moved to dismiss. On June 22, 1983, the district court granted the motion, ruling that Williams had waived his right to sue the State or its employees because he had failed to file a timely notice of claim, as required by section 63–30–12 of the Code, and because he had failed to exhaust his administrative remedies. However, the court granted Williams thirty days to file an amended complaint setting forth with more particularity his defamation of character claim against various defendants in their individual capacities. Williams immediately filed a notice of appeal. Two weeks later, he filed an amended complaint. The State of Utah moved to strike the amended complaint, alleging that because an appeal had been filed, the trial court no longer had jurisdiction. Nothing in the record indicates that the trial court disposed of this motion. The State also filed a notice of appeal from the decision to permit the filing of an amended complaint.

■ Under traditional principles of appellate review, embodied in Rule 72(a) of the Utah Rules of Civil Procedure,[1] an appeal may be taken only from a final judgment concluding all of the issues in the case. *See Pate v. Marathon Steel Co.,* Utah, 692 P.2d 765 (1984). That general rule is subject to only a few narrow exceptions. The first is set forth in Rule 54(b) of the Utah Rules of Civil Procedure, which provides that in multiple claim/multiple party litigation,

> the court may direct entry of a final judgment as to one or more but fewer than all of the claims of parties only upon an express determination by the court that there is no just reason for delay and upon an express direction for the entry of judgment.

In effect, Rule 54(b) allows a court to certify a matter for appeal only when it *finally* disposes of a claim or party. *See Pate v. Marathon Steel Co.,* 692 P.2d at 768.

A second exception to the final judgment rule is contained in Rule 72(b), which permits appeals from any interlocutory order or decision, but only at this Court's discre-

1. Rule 72(a) was in effect at the time this appeal was filed. That rule has since been repealed and replaced with Rule 3 of the Utah Rules of Appellate Procedure.

tion.[2] Permission to proceed with such an appeal is granted only when it is "essential to adjudicate principles of law or procedure in advance as a necessary foundation upon which the trial may proceed; or if there is a high likelihood that the litigation can be finally disposed of on such an appeal." *Manwill v. Oyler*, 11 Utah 2d 433, 435, 361 P.2d 177, 178 (1961).

■ The facts here do not bring this case within any of these avenues for appeal. There is clearly no final judgment within the meaning of Rule 72(a) in the present case inasmuch as Williams' claims for defamation were not wholly resolved. Although Williams might have waived his right to amend the complaint and treated the order of dismissal as final, his filing of the amended complaint indicates that he did not intend to treat the dismissal as final. Moreover, although there are multiple claims and parties and the trial court's order disposed of one of those claims, that order was not the subject of a 54(b) certification. The appeal therefore must be dismissed. *See GMAC v. Martinez*, Utah, 712 P.2d 243 (1985); *Mabud v. Pakistan International Airlines*, 717 P.2d 1350 (Utah 1986); *Pate v. Marathon Steel Co.*, 692 P.2d at 768–69. In extraordinary cases, we may choose to treat a purported Rule 72(a) appeal as an interlocutory appeal under former Rule 72(b). *See Pate v. Marathon Steel Co.*, 692 P.2d at 768. There is nothing in this case that justifies such a step, and Williams' appeal must be dismissed.

For these same reasons, the State's cross-appeal must also be dismissed. The trial court's order granting Williams leave to amend was not a final order, and neither of the two exceptions to the final order rule noted above applies to the State's appeal.

Appeals dismissed.

HALL, C.J., and STEWART, HOWE and DURHAM, JJ., concur.

---

**2.** Rule 72(b) has been repealed and replaced by Rule 5 of the Utah Rules of Appellate Procedure.