**FMA LEASING COMPANY and Alta Ridge Associates, Plaintiffs and Appellants,**

v.

**CITIZENS BANK and Ken Baxter, Defendants and Appellees.**

**FMA LEASING COMPANY, Third–Party Plaintiff and Appellant,**

v.

**ALTA TITLE COMPANY and Fidelity National Title Insurance Company, Third–Party Defendants and Appellees.**

No. 890220.

Supreme Court of Utah.

Jan. 10, 1992.

Francis J. Carney, Stewart M. Hanson, Charles P. Sampson, Salt Lake City, for FMA Leasing Co.

Donald J. Winder, Kathy A.F. Davis, Salt Lake City, for Fidelity Nat. Title Ins.

HOWE, Chief Justice:

FMA Leasing Company appeals from a judgment in favor of Fidelity National Title Insurance Company for $50,022.15. The judgment represents attorney fees Fidelity National paid to defend the title of its insured, Alta Ridge Associates, to certain real property. FMA's liability for the fees was premised on warranties contained in the special warranty deed by which FMA had conveyed the property to Alta Ridge.

Because we do not reach the merits of the appeal, we will make only a brief statement of the facts. FMA sold and conveyed the subject real property to Alta Ridge by a special warranty deed. Alta Title Company sold FMA a title insurance policy, which was underwritten by Fidelity National, insuring the title of Alta Ridge. The policy did not disclose or except a recorded assignment of a certain trust deed to Citizens Bank. When the obligor of the promissory note secured by the trust deed defaulted in payment, Citizens Bank commenced a nonjudicial foreclosure proceeding against the property. FMA and Alta Ridge brought this action to restrain that sale. A jury found that the trust deed was unenforceable for lack of consideration and a failed condition. Judgment was entered against Citizens Bank in accordance with that finding.

Alta Ridge cross-claimed against FMA, alleging, among other things, that FMA had breached the warranties in the special warranty deed. It sought reimbursement of its attorney fees and costs in defending against Citizens Bank's claim. FMA then filed a third-party complaint against Fidelity National and Alta Title, alleging that they were negligent in their title search and in their issuance of the title policy because the assignment of the trust deed was not disclosed. FMA sought indemnity in the event Alta Ridge recovered on its cross-claim.

Fidelity National assumed the duty to defend against the foreclosure of the trust deed by Citizens Bank; it retained legal counsel to represent its insured, Alta Ridge, and paid attorney fees. The trial court granted summary judgment on the cross-claim in favor of Fidelity National as subrogee of Alta Ridge and against FMA for the $50,022.15 Fidelity National had expended in attorney fees. The court further determined that there was no just reason for delay and directed that the summary judgment be entered as a final judgment pursuant to Utah Rule of Civil Procedure 54(b). FMA appeals from that judgment. The trial court, however, denied Fidelity National's motion for summary judgment on the third-party complaint filed, finding that "substantial issues of material contested facts" remained for resolution.

We dismiss the appeal sua sponte under the authority of *Kennecott Corp. v. Utah State Tax Commission*, 814 P.2d 1099 (Utah 1991), because the summary judgment appealed from is not eligible for certification under rule 54(b). In *Kennecott*, we adopted the Seventh Circuit's approach for determining the separateness of a claim, which

> "focuses on the degree of factual overlap between the issue certified for appeal and the issues remaining in the district court." When this factual overlap is such that separate claims appear to be based on the same operative facts or on the same operative facts with minor variations, they are held not to constitute separate claims for rule 54(b) purposes.

*Id.* at 1103 (citations omitted) (quoting *Indiana Harbor Belt R.R. v. American Cyanamid Co.*, 860 F.2d 1441, 1445 (7th Cir.1988)).

In the instant case, the factual overlap is complete. Fidelity National was awarded judgment against FMA for attorney fees expended by Fidelity in defending the title of its insured, Alta Ridge. The trial court ruled that the warranties in the special warranty deed from FMA to Alta Ridge gave Alta Ridge legal entitlement to those fees. Because Alta Ridge did not personal-

ly incur attorney fees, its insurer, Fidelity, which paid the fees, was subrogated to the right of Alta Ridge against FMA. Thus, the judgment was awarded to Fidelity National and not to Alta Ridge. The correctness of this ruling is now before us. However, there remains in the trial court for adjudication the third-party complaint of FMA against Alta Title and Fidelity for indemnification of the judgment awarded to Fidelity. Should FMA be successful, it would be indemnified by those third-party defendants.

To summarize, both the cross-claim, which has been adjudicated, and the third-party complaint, which remains unadjudicated, arise from the same set of operative facts. Those facts are the conveyance of the property by FMA to Alta Ridge and FMA's simultaneous purchase of a title insurance policy from Alta Title and Fidelity National insuring the grantee's title. The two claims are intertwined because recovery on the third-party complaint will offset the judgment already entered on the cross-claim.

The appeal is dismissed for lack of jurisdiction.

HALL, C.J., and STEWART, DURHAM and ZIMMERMAN, JJ., concur.