Kenny Jim SHAW, Plaintiff
and Appellant,

v.

LAYTON CONSTRUCTION COMPANY,
INC.; Steel Deck Erectors, Inc.; Bilt-
Rite Concrete, Inc., Defendants and Ap-
pellees.

LAYTON CONSTRUCTION COMPANY,
INC., Third-party Plaintiff,

v.

BILT-RITE CONCRETE, INC.; I. Chris-
tensen Inc.; Harv & Higham Masonry;
and Tech Steel, Third-party Defen-
dants.

No. 920685–CA.

Court of Appeals of Utah.

June 11, 1993.

Steven B. Wall and Cory R. Wall, Salt
Lake City, for plaintiff and appellant

Lee C. Henning and David C. Richards,
Salt Lake City, for Layton Const.

Ford G. Scalley and Steven B. Smith, Salt
Lake City, for Steel Deck Erectors.

Before BENCH, ORME and RUSSON,
JJ.

BENCH, Judge:

This matter was presented to us as
an appeal of right from a purportedly "fi-
nal order" under Rule 3 of the Utah Rules
of Appellate Procedure. A final order,
however, has never been entered in this
case. Upon motion of this court, a hearing
was held to consider whether we have juris-
diction.[1] We conclude that this appeal is
not properly before us and dismiss it for
lack of jurisdiction.

---

1. The parties have not raised the issue of juris-
diction; the court raises it sua sponte, as it
must. The parties may not confer jurisdiction
upon this court by acquiescence. *A.J. Mackay*
*Co. v. Okland Constr. Co., Inc.*, 817 P.2d 323, 325
(Utah 1991); *Kennecott Corp. v. State Tax*
*Comm'n*, 814 P.2d 1099, 1000 (Utah 1991).

## BACKGROUND

Kenny Shaw, a bricklayer for Harv & Higham Masonry, brought suit against Layton Construction Co. (Layton) and Steel Deck Erectors for injuries he sustained while working on a construction project in Nevada. Layton was the general contractor and Steel Deck Erectors was a subcontractor on the project.[2] Shaw brought suit pursuant to Utah Code Ann. § 35–1–62 (1988), which expressly allows a worker to sue parties (other than the worker's employer) who caused the worker's injuries.

Layton filed a third-party complaint against several of its subcontractors, including Harv & Higham Masonry. The third-party complaint sought indemnification from the subcontractors in the event Layton was found liable to Shaw. The third-party complaint also prayed for Layton's costs and attorney fees incurred in defending against Shaw's claim.

Layton filed a motion to dismiss Shaw's complaint on the ground that, under Nevada law, his exclusive remedy is workers' compensation. Unlike Utah, Nevada considers all employees of subcontractors to be employees of the general contractor. Nevada law would therefore apparently bar Shaw from seeking compensation from Layton. Steel Deck Erectors moved for summary judgment raising essentially the same arguments. Shaw responded that Utah's workers' compensation law should govern because (1) Shaw is a Utah citizen, (2) Layton, Steel Deck Erectors, and Harv & Higham Masonry are all Utah companies, (3) all relevant contracts were entered into in Utah, and (4) Shaw received workers' compensation in Utah. Layton and Steel Deck Erectors, on the other hand, asserted that the law of Nevada should govern since that was where Shaw's injury actually occurred.

The trial court applied Nevada law and dismissed Shaw's complaint against Layton on November 26, 1991. It similarly granted Steel Deck Erectors summary judgment on the same date. Harv & Higham Masonry then brought a motion to dismiss, with prejudice, Layton's third-party complaint against it. The remaining third-party defendants did not take any action. Layton, however, refused to stipulate to a dismissal of its third-party complaint with prejudice.

Shaw filed a notice of appeal on December 26, 1991, while Harv & Higham's motion to dismiss the third-party complaint was still pending. Approximately one month later, the trial court entered the following order based upon the stipulation of Layton and the third-party defendants:

> IT IS HEREBY ORDERED, ADJUDGED AND DECREED that all action in the third-party complaint should be held in abeyance pending the outcome of the appeal regarding the underlying action by Kenny Jim Shaw. The grounds for this Order are [sic] the fact that the parties did not intend to pursue the matter unless the plaintiff is allowed to proceed on his claims.

## ANALYSIS

Rule 3 of our rules of appellate procedure "precludes a party from taking an appeal from any orders or judgments that are not final." *A.J. Mackay Co. v. Okland Constr. Co., Inc.*, 817 P.2d 323, 325 (Utah 1991).[3] The Utah Supreme Court has established the following test for determining whether a judgment is "final."

> This Court held in *Shurtz v. Thorley*, 90 Utah [381] at 384, 61 P.2d [1262] at 1264 [(1936)], quoting *North Point Consolidated Irr. Co. v. Utah & Salt Lake Canal Co.*, 14 Utah 155, 46 P. 824 (1896), that "a judgment, to be final, must dispose of the case as to *all the parties*, and finally dispose of the subject-matter

---

**2.** Layton, Steel Deck Erectors, and Harv & Higham Masonry are all Utah companies. Another named defendant, Bilt–Rite Concrete, Inc., was also a subcontractor, but it was not served— apparently because it is a Nevada corporation not subject to suit in Utah. It is therefore not a party to this appeal.

**3.** The rationale and policy behind strict adherence to the final judgment rule has been thoroughly addressed by the supreme court. *See A.J. Mackay Co.*, 817 P.2d at 325; *Kennecott*, 814 P.2d at 1101–02; and *Kennedy v. New Era Indus.*, 600 P.2d 534, 535 (Utah 1979).

of the litigation on the merits of the case." The Court further stated that a final judgment is a judgment which ends the controversy between the parties litigant. *J.B. & R.E. Walker, Inc. v. Thayn*, 17 Utah 2d 120, 405 P.2d 342 (1965).

*Kennedy v. New Era Indus.*, 600 P.2d 534, 535–36 (Utah 1979) (emphasis added) (footnote omitted).

■■■ There is no dispute that when Shaw filed his notice of appeal, Layton's contractual claims against the third-party defendants for costs and attorney fees incurred by Layton in defending against Shaw's complaint were still pending. Consequently, the trial court's rulings on Shaw's claims against Layton and Steel Deck Erectors were "not final for the simple reason that [Layton's third-party contractual claims] remain[ ] pending before the trial court." *A.J. Mackay Co.*, 817 P.2d at 325.

Shaw's appeal is therefore premature, unless we have been granted appellate jurisdiction over the dismissal of his complaint under Rule 54(b) of the Utah Rules of Civil Procedure.[4] Rule 54(b) expressly states:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, *or third-party claim*, and/or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties *only* upon an express determination by the court that there is no just reason for delay and upon an express direction for the entry of judgment.

Utah R.Civ.P. 54(b) (emphasis added).

■■■ A trial court may allow an appeal of an interlocutory order only by following the procedure set forth in Rule 54(b).[5] Consequently, in order for the trial court in this case to render its dismissal of Shaw's complaint appealable, it should have made an "express determination ... that there was no just reason for delay" and given "an express direction for entry of judgment." Utah R.Civ.P. 54(b). The trial court did not make any such finding, nor did it expressly direct the entry of final judgment under Rule 54(b). Rather, it purported to hold the third-party complaint "in abeyance" pending the outcome of the appeal. Such a procedure is not recognized under our rules as a method of vesting appellate jurisdiction over interlocutory orders.[6]

Rule 54(b) unequivocally declares that a trial court's nonfinal order is not appealable without a manifest determination by the trial court that a ruling on one of multiple claims should proceed to appeal without the remainder of the case, and an express direction of judgment to that effect.

> In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties *shall not terminate the action as to any of the claims* or parties, and

---

**4.** The parties did not brief the jurisdictional impact of Rule 54(b) until requested to do so by this court. As in *Olson v. Salt Lake School District*, 724 P.2d 960, 964 (Utah 1986) (citations omitted), "neither side appeared eager to address [Rule 54(b) ]. However, to ignore Rule 54(b) problems simply because the parties are anxious to have their case considered on the merits will only exacerbate the apparently widespread confusion surrounding Rule 54(b) practice."

**5.** Upon the request of an appellant, an appellate court may also grant permission to appeal an interlocutory order of a trial court. See Utah R.App.P. 5. Shaw, however, has never petitioned to file an interlocutory appeal pursuant to Rule 5.

**6.** Not only does the "abeyance order" ignore the mandated procedure set out in Rule 54(b), it is of no effect because of when it was entered. In *Kennedy*, the trial court failed to make a Rule 54(b) certification before the appellant filed a notice of appeal. A cross-claim remained pending below. After the notice of appeal was filed, the trial court entered an "Amended Judgment" that included a Rule 54(b) certification. The supreme court held that the "Amended Judgment" was without effect because "the trial court no longer had jurisdiction to enter an amended judgment once the plaintiffs filed a notice of appeal." 600 P.2d at 536 n. 3. Similarly, since the purported "abeyance order" in this case was entered following Shaw's filing of his notice of appeal, it has no effect on the question of our jurisdiction.

the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

Utah R.Civ.P. 54(b) (emphasis added).

Rule 54(b) makes it clear that it does not matter what form the trial court's order may take, nor the purported effect of the trial court's actions. The entire case remains with the trial court unless the trial court expressly certifies its interlocutory order as final and ready for appeal under Rule 54(b).

■ There was some suggestion at the hearing that a Rule 54(b) certification is unnecessary if it is a third-party complaint that remains pending below. Rule 54(b) expressly refers to "third-party claim[s]." In *First Security Bank of Utah v. Conlin*, 817 P.2d 298, 299 (Utah 1991) (per curiam), the Utah Supreme Court dismissed an appeal because the case had not been certified under Rule 54(b), and claims asserted through a third-party complaint, as well as a cross-claim, remained pending before the trial court.[7] In the instant case, Layton's third-party complaint prayed for indemnification from any judgment entered against it, but also sought recovery of all attorney fees and costs incurred in defending against Shaw's complaint. Since the latter claim was not contingent on Shaw prevailing, the claim was still active when the notice of appeal was filed.

The parties improperly rely upon language found in *Kennecott Corp. v. State Tax Commission*, 814 P.2d 1099, 1101 (Utah 1991), in an attempt to establish that the order appealed from is a "final order." *Kennecott*, however, dealt with the question of whether the trial court had properly certified an interlocutory order under Rule 54(b). The inquiry was whether the order actually certified had sufficient "finality" to have been appealable, but for the fact that other claims or parties remained in the action. *Id.* at 1101 (citing *Olson v. Salt Lake School District*, 724 P.2d 960, 964 (Utah 1986); and *Pate v. Marathon Steel Co.*, 692 P.2d 765, 768 (Utah 1984)). The parties have mistaken the "finality rule" discussed in *Kennecott* for the "final judgment rule" rehearsed in *Kennedy*. The question of "finality," as discussed in *Kennecott*, arises only when a Rule 54(b) certification has actually been entered. In this case, there simply has not been any Rule 54(b) certification. The "finality" analysis found in *Kennecott* therefore does not apply.

It is possible that the trial court's dismissal of Shaw's complaint may have sufficient "finality" to qualify for certification under Rule 54(b). But, under the procedure set forth in Rule 54(b), it is not our prerogative to address that question in the first instance. Rule 54(b) "gives power to the trial court to certify a certain class of orders and thereby make them appealable as of right, effectively forcing the appellate court to review them." *Kennecott*, 814 P.2d at 1102. That authority and discretion is given exclusively to the trial court.[8] Until it so acts, the entire case belongs in the trial court and we may not hear the appeal.

The supreme court has unequivocally indicated that the parties' failure to have an interlocutory order certified under Rule 54(b) "deprives this court of jurisdiction over the appeal." *First Security Bank*, 817 P.2d at 299.

It is true that the parties have expended time and money on this appeal, and

---

7. *First Security Bank* did not hold that Rule 54(b) certification is required where a third-party complaint seeks only indemnification for liability imposed under the primary complaint, and the primary complaint is dismissed. Where such a third-party complaint has been asserted, an order dismissing the complaint in the primary action necessarily resolves the third-party action as well. It is unlikely that Rule 54(b) certification would be necessary in that situation since there would not be any claim in the

third-party complaint left to adjudicate. *See Kennedy*, 600 P.2d at 535–36.

8. "A strong reason supporting this rule is that the trial court, having an overview of the total litigation, is in a position to determine whether such an order would promote efficiency, serve the ends of justice, and save this Court from having to deal with the same or similar issues in a piecemeal fashion." *Kennedy*, 600 P.2d at 536.

that part of the case is already before us, but that is a result of the parties' own oversight. Accordingly, we give that fact no real weight, especially in light of the fact that the unappealability of the order is patent. Situations where a trial court has improperly certified for appeal an order under rule 54(b) at least raise the suggestion that the appealing party was led astray by the trial judge. That did not occur here. Yet even in such situations, we have dismissed improperly taken appeals after argument. There is no reason to spare the parties here that fate. As Justice Stewart writing for the court, stated in *Kennedy:* "The lost time and effort occasioned by the briefing and oral argument in this case is a small price to pay for insisting that the parties comply with the rules of procedure so that the proper relationship between this Court and the trial courts may be maintained." *Kennedy,* 600 P.2d at 537.

*A.J. Mackay Co.,* 817 P.2d at 326 (citations omitted).[9]

This court has followed the same approach. In *OK Motors, Inc. v. Hill,* 762 P.2d 1102, 1103 (Utah App.1988) (per curiam), this court recognized only two avenues for appealing a non-final order: (1) a rule 54(b) certification, or (2) a *timely* filed petition for interlocutory appeal (20 days from date of order). We have neither in this case. Given the supreme court's unyielding jurisdictional demand for a Rule 54(b) certification in cases such as this, we are bound to dismiss the appeal.

## CONCLUSION

Shaw has not appealed a final judgment "dispos[ing] of the case as to all parties, and finally dispos[ing] of the subject-matter of the litigation on the merits of the case." *Kennedy,* 600 P.2d at 535–36. He was therefore required to obtain a Rule 54(b) certification from the trial court before bringing this appeal, but he did not.

Absent a Rule 54(b) certification, we do not have appellate jurisdiction.

We therefore dismiss the appeal without prejudice.

ORME and RUSSON, JJ., concur.

**9.** Raising Rule 54(b) issues at the docketing stage may help avoid unwelcomed delays and dismissals after the parties have expended the time and effort to fully brief a matter of the merits. We renew our admonition that whenever an appeal is taken before the entire case is final, that the parties discuss Rule 54(b). *West v. Thomson Newspapers,* 835 P.2d 179, 182–83 n. 3 (Utah App.) *cert. granted,* 843 P.2d 1042, (Utah 1992).