**In re SOUTHERN AMERICAN INSURANCE COMPANY.**

**GOLFLAND ENTERTAINMENT CENTERS, INC., Appellant,**

v.

**UTAH INSURANCE COMMISSIONER, as Liquidator of Southern American Insurance Company, Appellee.**

**No. 960419–CA.**

Court of Appeals of Utah.

Dec. 27, 1996.

---

Jeffrey L. Shields and Zachary T. Shields, Salt Lake City, for Appellant.

Craig Carlile, Douglas M. Monson, and Brent D. Wride, Salt Lake City, for Appellee.

Before DAVIS,[1] GREENWOOD and WILKINS, JJ.

WILKINS, Judge:

This opinion results from this court's sua sponte motion for summary disposition of this appeal based on the ground that we lack jurisdiction. Golfland Entertainment Centers, Inc. (Golfland) and the Utah Insurance Commissioner respond to this court's motion by arguing we have jurisdiction. We disagree and hold that we lack jurisdiction because the parties have not appealed from a final order. Therefore, we dismiss the appeal.

1. Judge James Z. Davis disqualified himself after oral argument and did not participate further in the court's decision.

## BACKGROUND

In 1992, the trial court ordered the liquidation of Southern American Insurance Company (SAIC) and appointed the Utah Insurance Commissioner (the liquidator) as SAIC's liquidator. SAIC's liquidation, which is administered under one case number (the primary liquidation case), involves a large number of parties and claims. Most of these claims arose against SAIC before the court's liquidation order.

In February 1994, Golfland submitted an offer to purchase an office building owned by SAIC and known as the Barn. The trial court approved Golfland's purchase of the Barn. Following the court's approval, Golfland alleges the liquidator breached his contract to sell the Barn to Golfland by causing conditions precedent to fail and by failing to act in good faith. Golfland prepared a complaint seeking specific performance for the sale of the Barn and damages from the liquidator for breach of contract.

Before filing its complaint against the liquidator, Golfland sought court approval by filing a motion for leave to file a complaint against the liquidator. The liquidator then filed a motion asking the court to declare the order approving the sale to Golfland void and to allow the liquidator to sell the Barn to a third-party purchaser. Golfland filed an objection to the liquidator's motion.

The liquidator's motion and Golfland's objection were filed in the primary liquidation case and did not receive a separate case number; however, the motion and objection did not involve any party other than Golfland and the liquidator, and did not involve or directly relate to, any other claim in the primary liquidation case.

In May 1995, the trial court granted Golfland's motion for leave to file a complaint against the liquidator. Golfland then filed its complaint against the liquidator under a separate case number. In July 1995, the trial court entered an order granting the liquidator's motion and overruling Golfland's objection. Golfland then initiated this appeal.

In July 1996, this court issued a sua sponte motion for summary disposition of the appeal on the ground that Golfland's appeal was not from a final order.

## ANALYSIS

Both Golfland and the liquidator argue we have jurisdiction to hear their case. However, "acquiescence of the parties is insufficient to confer jurisdiction on the court, and a lack of jurisdiction can be raised by the court or either party at any time." *A.J. Mackay Co. v. Okland Constr. Co.,* 817 P.2d 323, 325 (Utah 1991). Where an appeal is not properly taken, this court lacks jurisdiction and the remedy is dismissal of the appeal. *Id.; see also Shaw v. Layton Constr. Co.,* 854 P.2d 1033, 1033 (Utah App.1993).

### Final Judgment Rule

Under the final judgment rule, an appeal is improper if it is taken from an order or judgment that is not final. *See* Utah R.App. P. 3; *Shaw,* 854 P.2d at 1033. For a judgment or order to be final, it "'must dispose of the case as *to all the parties,* and finally dispose of the subject-matter of the litigation on the merits of the case.'" *Kennedy v. New Era Indus., Inc.,* 600 P.2d 534, 535–36 (Utah 1979) (citation omitted). In other words, a judgment is final when it "'ends the controversy between the parties litigant.'" *Id.* at 536 (citation omitted).

There is no dispute that when Golfland filed its notice of appeal from the trial court's order, claims belonging to other parties were still pending against SAIC in the primary liquidation case. Because the final judgment rule requires that *all* the claims belonging to *all* the parties must be disposed of before a judgment is final, Golfland's appeal is premature unless this court has jurisdiction under an exception to the final judgment rule.

### Exceptions to Final Judgment Rule

In determining whether this court has jurisdiction under an exception to the final judgment rule, we first examine whether the act governing this case, the Utah Insurers Rehabilitation and Liquidation Act, codified at Utah Code Ann. §§ 31A–27–101

to –411 (1994 & Supp.1996), statutorily grants an exception to the final judgment rule. We have reviewed the act and discovered it does not address whether an order regarding the sale of assets in a liquidation case is final. However, two provisions within the act that address other kinds of trial court orders specifically allow for an appeal from those orders. *See id.* § 31A–27–302(3) (1994) (requiring expeditious appellate review of court's judgment granting rehabilitation petition); *id.* § 31A–27–308(3) (requiring expeditious appellate review of court's judgment granting liquidation petition). Because these two provisions specifically provide for appeal and expeditious review of the specified judgments, the absence of such a provision for appealing the order at issue in this case suggests the legislature intended that orders approving the sale of an asset, such as the one at issue here, not fall under an exception to the final judgment rule.[2]

■ Having determined no statutory exception to the final judgment rule exists, we next examine whether we have jurisdiction under either of the following two well-established exceptions to the final judgment rule allowed by Utah rules and case law: first, an order that is not final may be heard if it has been properly certified under Utah Rule of Civil Procedure 54(b); and second, we may hear an appeal taken from a nonfinal order "when we have given permission in advance to the parties to take an appeal from an interlocutory order under Utah Rule of Appellate Procedure 5." *A.J. Mackay,* 817 P.2d at 325; *see also Kennecott Corp. v. Utah State Tax Comm'n,* 814 P.2d 1099, 1104 (Utah 1991); *Olson v. Salt Lake City Sch. Dist.,* 724 P.2d 960, 963–65 (Utah 1986); *Williams v. State,* 716 P.2d 806, 807–08 (Utah 1986); *Pate v. Marathon Steel Co.,* 692 P.2d 765, 768 (Utah 1984). Here, the order appealed from was not certified under Rule 54(b), although it was eligible for certification, nor did this court or the supreme court give the parties permission to file an interlocutory appeal under Rule 5. Therefore, we do

not have jurisdiction under these two exceptions.

■ Utah courts have held that an order is not properly before an appellate court and must be dismissed when the order appealed from is not a final judgment for purposes of appeal, and the party has failed both to file a petition for interlocutory appeal under Rule 5 and to have the case certified under Rule 54(b). *See Crosland v. Peck,* 738 P.2d 631, 632–33 (Utah 1987); *Shaw,* 854 P.2d at 1035–37; *OK Motors, Inc. v. Hill,* 762 P.2d 1102, 1103 (Utah App.1988) (per curiam); *Backstrom Family Ltd. Partnership v. Hall,* 751 P.2d 1157, 1159–60 (Utah App. 1988). Nevertheless, Golfland argues this case should fall within the "extraordinary cases exception," a third and rare exception to the final judgment rule. However, in *A.J. Mackay,* the Utah Supreme Court declined to apply this exception and discouraged its use:

> Dictum in *Williams[ v. State, 716 P.2d 806 (Utah 1986),]* stated, "In extraordinary cases, we may choose to treat a purported [appellate rule 3 appeal of right] as an interlocutory appeal under [appellate rule 5]." *Williams,* 716 P.2d at 808. However, in *Williams* we found no basis for taking such a step. Indeed, in none of our reported cases since *Williams* can we discover an occasion where we saved the improperly taken appeal from dismissal. This fact indicates that the course suggested in *Williams* is to be taken very sparingly. The reasons are understandable.
>
> . . . Until we can explain persuasively why any one case deserves treatment denied to others, we should deny extraordinary treatment.

*A.J. Mackay,* 817 P.2d at 325–26. We follow *A.J. Mackay* and decline to extend extraordinary treatment to this case, particularly because Golfland could have sought certification to appeal under Rule 54(b) of the Utah Rules of Civil Procedure, but failed so to do.

■ The parties finally argue this court has jurisdiction by drawing an analogy be-

---

2. For example, Utah Code Ann. § 31A–27–332 (1994), which involves disputed claims, provides that a court may hear objections to the liqui-

dator's rulings, but does not address how and when appeals may be had from the court's order.

**280**

tween insurance liquidation law and federal bankruptcy law, which interprets "final" liberally. *See In re Sax,* 796 F.2d 994, 996 (7th Cir.1986). However, we find that federal bankruptcy law significantly differs from Utah insurance liquidation law, and decline to adopt this analogy. For example, while Golfland could have pursued an appeal in this case through Rule 54(b) certification, no interlocutory appeals to courts of appeals are allowed in bankruptcy actions. *See In re Giles World Mktg., Inc. v. Boekamp Manufacturing, Inc.,* 787 F.2d 746, 748 (1st Cir. 1986). *Compare* 28 U.S.C. § 158(a) (1994) (granting federal district courts jurisdiction over bankruptcy appeals from interlocutory orders and decrees) *with* 28 U.S.C. § 158(d) (1994) (granting federal courts of appeals jurisdiction over bankruptcy appeals only from all final decisions, judgments, orders, and decrees).

We also conclude that the reasoning federal courts have used to support their broad construction of "final" orders within the context of federal bankruptcy cases does not apply to the case before us. Federal courts have reasoned that "Congress has long provided that orders in bankruptcy cases may be immediately appealed if they finally dispose of *discrete disputes within the larger case*—and in particular, it has long provided that orders finally settling creditors' claims are separately appealable." *In re Saco Local Dev. Corp.,* 711 F.2d 441, 444 (1st Cir.1983); *see also In re Sax,* 796 F.2d at 996–97; *In re Exennium, Inc.,* 715 F.2d 1401, 1402–03 (9th Cir.1983).

In contrast, as we have explained above, the Utah Rules of Appellate Procedure provide that we only have jurisdiction over appeals from "all final orders and judgments, except as otherwise provided by law," Utah R.App. P. 3(a), and we have not found under the Utah Insurers Rehabilitation and Liquidation Act, our rules, or case law, any law suggesting we deviate from the final judgment rule. Therefore, we conclude that the legislature did not intend for us to exercise jurisdiction over appeals such as this one. As we stated in *Merit Elec. & Instrumentation v. Utah Dep't of Commerce,* 902 P.2d 151, 153 (Utah App.1995), in which we ex-

pressly declined to adopt the Collateral Order Doctrine of *Cohen v. Beneficial Indus. Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), "[t]he Utah Legislature has made its intent clear with regard to this court's jurisdiction over appeals" and "[a]ny deviation from the requirement for final ... action must also come from the Legislature."

## CONCLUSION

Because Golfland has not appealed from a final order, and because this appeal does not fall within an exception to the final judgment rule, we lack jurisdiction. Therefore, we dismiss this appeal.

GREENWOOD, J., concurs.