STATE of Utah, In the Interest of J.W., a person under eighteen years of age.

B.W. and T.W., Appellants,

v.

STATE of Utah, Appellee.

No. 970512–CA.

Court of Appeals of Utah.

Dec. 26, 1997.

John E. Laherty, Salt Lake City, for Appellants.

Jan Graham and Carol L.C. Verdoia, Salt Lake City, for Appellee.

Before WILKINS, Associate P.J., and BILLINGS and ORME, JJ.

PER CURIAM:

This matter is before the court on its own motion for summary disposition on the grounds that this court does not have jurisdiction due to lack of a final order and appellant did not file a timely petition to appeal from an interlocutory order pursuant to Utah R.App. P. 5(a). We grant the motion to dismiss.

Appellants B.W. and T.W. are the parents of J.W., who was born May 30, 1997. The Division of Child and Family Services (DCFS) removed J.W. from the appellants' custody in June 1997 based upon the prior death of a sibling while in the appellants' care. DCFS petitioned the court on grounds of neglect, and adjudication of the petition was scheduled for August 8, 1997.

On August 1, the appellants filed a motion to stay the adjudication pending resolution of criminal charges related to the death of J.W.'s sibling. The juvenile court denied the

motion to stay but granted appellants' motion to certify the ruling as a final order pursuant to Utah R. Civ. P. 54(b).

Rule 54(b) allows a trial court to certify certain claims as final judgments for purposes of appeal. First, there must be multiple claims for relief and/or multiple parties. *See Kennecott Corp. v. State Tax Comm'n*, 814 P.2d 1099, 1101 (Utah 1991) (citing *Pate v. Marathon Steel Co.*, 692 P.2d 765, 767 (Utah 1984)). Second, "the judgment appealed from must have been entered on an order that would be appealable but for the fact that other claims or parties remain in the action." *Id.* Third, the claim resolved in the order for which Rule 54(b) certification is sought must be "separate." A separate claim must arise from different operative facts from those underlying the other claims remaining before the trial court. *See FMA Leasing Co. v. Citizens Bank*, 823 P.2d 1065, 1066–67 (Utah 1992).

The facts in this case do not meet these criteria. Therefore, the appeal is not taken from an order or judgment that is eligible for certification under Utah R. Civ. P. 54(b). Indeed, appellants concede that the juvenile court's denial of the stay was not appropriate for certification as a final judgment. However, in their response, appellants request that this court "take the unusual step of treating this appeal as an interlocutory appeal under Utah R.App. P. 5."

Rule 5(a) of the Utah Rules of Appellate Procedure gives this court discretion to entertain an appeal where, as here, an order has been certified under 54(b), but this court determines that the order is not final. In such a case, this court may consider the notice of appeal as a petition for permission to appeal an interlocutory order and may direct the appellant to file a petition that conforms to Rule 5(c).

In *A.J. Mackay Co. v. Okland Const. Co.*, 817 P.2d 323, 325–26 (Utah 1991), the Utah Supreme Court discussed the circumstances that may justify the "extraordinary treatment" of saving an "improperly taken appeal from dismissal," citing the reasoning of *Williams v. State*, 716 P.2d 806, 808 (Utah 1986). Permission to proceed with such an appeal is granted only when it is "essential to adjudicate principles of law or procedure in advance as a necessary foundation upon which a trial may proceed; or if there is a high likelihood that the litigation can be finally disposed of on such an appeal." *Id.* The facts in *Williams* did not support taking such a step there. Later cases in which this issue has been considered have reinforced the very narrow application of this exception.

This case does not present a situation where taking such an exceptional step is appropriate. It is unlikely that even a properly filed petition for interlocutory appeal would have been granted in this case under the criteria identified in Utah R.App. P. 5(e). Accordingly, the motion to dismiss is granted.