249 P.3d 595 (2011)
2011 UT App 65
State of Utah, in the interest of P.R. and J.R., persons under eighteen years of age.
B.C., Appellant,
v.
STATE of Utah, Appellee.
No. 20100982-CA.
Court of Appeals of Utah.
March 10, 2011.
Joanie K. Low, Heber City, for Appellant.
Mark L. Shurtleff and Carol L.C. Verdoia, Salt Lake City, for Appellee.
Martha Pierce, Salt Lake City, Guardian Ad Litem.
Before Judges McHUGH, THORNE, and CHRISTIANSEN.

DECISION
PER CURIAM:
¶ 1 B.C. appeals the juvenile court's November 9, 2010 order "Vacating Award of Attorney Fees and Costs from Failed Mediation and Awarding Attorney Fees from Two Hearings: July 8, 2010 and August 19, 2010." This matter is before the court on its sua sponte motion for summary dismissal based upon lack of jurisdiction. B.C. did not respond to the motion.
¶ 2 This court does not have jurisdiction to consider an appeal unless it is taken from a final judgment or order, see Utah R.App. P. 3(a), or qualifies for an exception to the final judgment rule, see Loffredo v. Holt, 2001 UT 97, ¶¶ 10, 15, 37 P.3d 1070. An order is final only if it disposes of the case as to all parties and "finally dispose[s] of the subject-matter of the litigation on the merits of the case." Bradbury v. Valencia, 2000 UT 50, ¶ 9, 5 P.3d 649 (internal quotation marks omitted); see also In re H.J., 1999 UT App 238, ¶ 27, 986 P.2d 115 ("A final, appealable order is one that ends the current juvenile proceedings, leaving no question open for further judicial action. An order which does not completely determine the rights of the parties. . . is merely interlocutory in nature.").
¶ 3 B.C. seeks to appeal the juvenile court's order vacating an award of attorney fees and costs from a failed mediation and awarding attorney fees associated with two subsequent hearings. The award of attorney fees was not based on contempt but instead on "the inherent powers of the Court to promote the integrity and dignity of the Court; and to direct and control its officers for the regulation of the business of the Court."[1] Such orders are interlocutory in nature. See General Motors Acceptance Corp. v. Martinez, 712 P.2d 243, 243-44 (Utah 1985) (determining that an award of attorney fees in conjunction with the denial of another motion was not final when other matters were left to be decided). Accordingly, the order appealed from is not a final, appealable order because it does not completely determine the rights of the parties. The children are still in DCFS custody and no order fully adjudicating the permanency of the children has been entered. Further, no exceptions to the final judgment rule apply in this case. See Loffredo, 2001 UT 97, ¶ 15, 37 P.3d 1070. Therefore, we lack jurisdiction over the appeal. When this court lacks jurisdiction, it must dismiss the appeal. See id. ¶ 11.
¶ 4 The appeal is dismissed without prejudice to the filing of a timely appeal after the juvenile court enters a final, appealable order.
NOTES
[1] Criminal contempt orders are independently appealable. See Von Hake v. Thomas, 759 P.2d 1162, 1167 (Utah 1988) (concluding that orders finding a person guilty of criminal contempt are final, appealable orders).