2014 UT App 106

**William Chase WOOD, et al., Plaintiffs and Appellants,**

v.

**WORLD WIDE ASSOCIATION OF SPECIALITY PROGRAMS AND SCHOOLS, INC.; et al., Defendants and Appellees.**

No. 20140099–CA.

Court of Appeals of Utah.

May 8, 2014.

James R. Hasenyager and Peter W. Summerill, Salt Lake City, for Appellants.

Terry M. Plant, Stewart B. Harman, Fred R. Silvester, and Spencer C. Siebers, Salt Lake City, for Appellees.

Before Judges GREGORY K. ORME, STEPHEN L. ROTH, and MICHELE M. CHRISTIANSEN.

Decision

PER CURIAM:

¶ 1 William Chase Wood appeals the district court's January 17, 2014 decision. This matter is before the court on a sua sponte motion for summary disposition. We dismiss the appeal for lack of jurisdiction.

¶ 2 Generally, "[a]n appeal is improper if it is taken from an order or judgment that is not final." *Bradbury v. Valencia,* 2000 UT 50, ¶ 9, 5 P.3d 649. Indeed, this court lacks jurisdiction to consider an appeal unless it is taken from a final, appealable order. *See id.* ¶ 8. For an order to be considered final and appealable, the order must dispose of all

parties or claims to an action. *See id.* ¶ 9. The only exceptions to the final judgment rule are where: (1) an appeal is permitted under the circumstances by statute, (2) the appellate court grants interlocutory appeal under rule 5 of the Utah Rules of Appellate Procedure, or (3) the district court properly certifies the order as final under rule 54(b) of the Utah Rules of Civil Procedure. *See id.* ¶ 12.

¶ 3 During the January 17, 2014 hearing, the district court granted several of the defendants' motions to dismiss. However, the court's January 17, 2014 oral ruling did not dispose of all claims and parties. Thus, in order to appeal the order implementing the January 17, 2014 oral ruling, Wood was required to have the district court's decision certified as final and appealable pursuant to rule 54(b) of the Utah Rules of Civil Procedure. *See Shaw v. Layton Const. Co., Inc.,* 854 P.2d 1033, 1035 · (Utah Ct.App.1993). When claims or parties remain pending before the district court after the district court's decision, that decision is not appealable unless the district court makes an "express determination ... that there is no just reason for delay" and gives "an express direction for entry of judgment" in accordance with rule 54(b). *See Shaw,* 854 P.2d at 1035. "Rule 54(b) unequivocally declares that the [district] court's nonfinal order is not appealable without a manifest determination by the trial court that a ruling on one of the multiple claims should proceed to appeal without the remainder of the case, and an express direction of judgment to that effect." *Id.*

¶ 4 On January 31, 2014, Wood filed his notice of appeal. However, the notice of appeal was not taken from a final, appealable order as a written order had not been prepared in compliance with rule 7(f)(2) of the Utah Rules of Civil Procedure, much less had it been certified as final in accordance with rule 54(b). *See* Utah R. Civ. P. 7(f)(2); *see also* Utah R. Civ. P. 54(b). Two weeks later, on February 14, 2014, the district court entered a written order incorporating its prior oral ruling as the judgment of the court and certifying the judgment as final pursuant to rule 54(b). Wood did not file a subsequent notice of appeal within thirty days of the February 14, 2014 final order.

¶ 5 Wood now asserts that his January 31, 2014 appeal was perfected as of the entry of the February 14, 2014 order by operation of rule 4(c) of the Utah Rules of Appellate Procedure. Rule 4(c) provides that in situations where a notice of appeal is filed after the district court's announcement of its decision, but before entry of a final judgment or order, the notice of appeal shall be treated as filed after the entry of the judgment or order and on the day thereof. *See* Utah R.App. P. 4(c). However, the record does not show that the district court announced its intention to certify its ruling in accordance with rule 54(b) during the January 17, 2014 hearing.

¶ 6 Rule 4(c) only operates when there is an announcement of a decision that, once reduced to writing and signed by the court, will become final and appealable. The district court did not announce, either by its own terms or with an expressed intention to certify finality under rule 54(b), during the January 17, 2014 hearing.[1] Because the rule 54(b) certification was not part of the announced decision, but came only after the notice of appeal was filed, the notice of appeal followed the announcement of a nonfinal decision. Thus, the notice of appeal was ineffective as a notice of appeal from the final judgment later entered by the court because the rule 54(b) certification making it final and appealable had not been part of the oral decision announced by the court and appealed by Wood on January 31, 2014.

¶ 7 Therefore, Wood was required to file a new notice of appeal within thirty days following the entry of the February 14, 2014 order, which was certified as final and appealable pursuant to rule 54(b). *See* Utah

---

1. We acknowledge that the district court expressed a desire at the January 17, 2014 hearing that its oral ruling be appealable. But, what the trial court states—that "[Plaintiffs] have an absolute right, a due process constitutional right to have this kind of a case and this kind of a pleading reviewed by an appellate court if I grant the motion to dismiss"—did not fulfill rule 54(b)'s requirement that the court make an express determination that there is no just reason for delay and give "an express direction for entry of judgment." *See Shaw,* 854 P.2d at 1035.

R.App. P. 4(a). Wood failed to file his notice of appeal within thirty days after the February 14, 2014 final order as required by rule 4(a). As a consequence, this court lacks jurisdiction to consider the appeal and we are required to dismiss it. *See Varian–Eimac, Inc. v. Lamoreaux,* 767 P.2d 569, 570 (Utah Ct.App.1989).

¶ 8 Accordingly, IT IS HEREBY OR-DERED that the appeal is dismissed.